In the Matter of the Claim of SIGMUND LAMPERT, Respondent, *v.* CHARLES SIEMONS et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.

**Workmen's Compensation Law — when claimant, who remained at work for his employer while other employees were on a strike, and was assaulted and injured by a striker while in the street on his way to work, is not entitled to an award on ground that the injury arose out of and in the course of his employment.**

When all of the employees of a manufacturing corporation, except the heads of the departments, were out on a strike, the claimant, who was in charge of the operating and finishing room, remained at work. Realizing that it was dangerous for him to do so, he asked for protection in going to and from his work. It was arranged that the general manager of the company should accompany him from the factory to his home at night and call for him in the morning and come with him to his place of work. The manager did this for some time and until a day when he failed to come because of detention at home. Claimant started alone from his home and on his way to the factory was met by one of the strikers who assaulted him, causing permanent injury to his eye. Under the circumstances an award to claimant by the state industrial board cannot be sustained on the ground that claimant's injuries arose out of and in the course of his employment. That they arose out of his employment is conceded but it cannot be held that they occurred in the course of his employment. Claimant's work was indoor work and he did no work for his employer after he left the factory at night until he reached there in the morning. The strike did not extend the field of his employment or the limits of his occupation unless, which is not the case, he was employed to do something in connection with the strike. Under the statute, an employee must be injured while in the course of his employment, but claimant's employment ceased when he left the factory. (*Matter of Redner* v. *Faber & Son*, 223 N. Y. 379; *Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369, distinguished).

*Matter of Lampert* v. *Siemons*, 203 App. Div. 264, reversed.

(Argued March 8, 1923; decided March 23, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered

November 28, 1922, affirming an award of the State
Industrial Board made under the Workmen's Compensation Law.

*John Preston Phillips* and *Arthur Butler Graham* for
appellants. The injuries sustained by the plaintiff did
not arise in the course of his employment. (*Bandassi*
v. *Molla*, 200 App. Div. 266; *McInerney* v. *B. & S. R.
R. Co.*, 225 N. Y. 130; *Kowalek* v. *N. Y. C. R. R. Co.;*
229 N. Y. 489; *Walters* v. *Staveley C. & I. Co.*, 4 B. W.
C. C. 303; *Manor* v. *Pennington*, 180 App. Div. 130;
*Tallon* v. *Interborough R. T. Co.*, 232 N. Y. 410; *Schultz*
v. *Champion W. & Mfg. Co.*, 230 N. Y. 309; *Thom* v.
*Sinclair*, 1917 A. C. 127; *Dennis* v. *White*, 1917 A. C.
479; *Rosmuth* v. *American Radiator Co.*, 201 App. Div.
207.)

*Carl Sherman*, Attorney-General (*E. C. Aiken* of counsel), for respondent. The accident to the claimant arose
out of and in the course of his employment. (*Grieb* v.
*Hammerle*, 222 N. Y. 382; *Schiff* v. *Scherer*, 227 N. Y.
596; *Baum* v. *Industrial Comm.*, 288 Ill. 516; *Bandassi*
v. *Molla*, 234 N. Y. 554; *Leonbruno* v. *Champlain Silk
Mills*, 229 N. Y. 470; *Roberts* v. *Newcomb Co.*, 234 N. Y.
553; *Katz* v. *Kadans Co.*, 232 N. Y. 420; *Matter of
Waters* v. *Taylor & Co.*, 218 N. Y. 248.)

CRANE, J. Sigmund Lampert, the claimant, lived at
2 Allen street in the city of New York and worked for the
Charles F. Siemons, Inc., at 134 West Thirty-ninth street.
He was in charge of the operating and finishing room.
During the month of February, 1921, all the employees
of this concern with the exception of the heads of the
departments were out on a strike. Lampert continued
at work realizing, however, that it was dangerous for
him to do so. He sought protection from his employer
in going to and from his work. Mr. Siemons, the presi-

dent of the company, ordered or requested the general manager, Herman D. Gottlieb to accompany Lampert from the factory to his home at night and to call for him in the morning and come with him to his place of work. This Gottlieb did until the day of February 28, when he failed to come because of detention at home. Lampert started out from 2 Allen street, where he lived, on this morning without Gottlieb and was met near the stairs to the elevated railroad at Canal and Allen streets by one of the strikers who assaulted him, causing permanent injury to his eye.

The claimant has been awarded compensation as the state industrial board and the Appellate Division were of the opinion that these injuries arose out of and in the course of Lampert's employment. That they arose out of his employment is conceded; whether they were received in the course of his employment is the point in question.

Had there been no strike, Lampert's employment would have ended when he left the factory at 134 West Thirty-ninth street. His work was indoor work as foreman of the operating room. There was no work for Lampert to do for his employer after he left the factory at night and before he reached there in the morning. Therefore, all the authorities agree that while going to and from his work Lampert, if injured, would not come under the Workmen's Compensation Law as such injury would not have arisen in the course of his employment. (*Tallon* v. *Interborough Rapid Transit Co.*, 232 N. Y. 410; *Matter of Schultz* v. *Champion Welding & Manufacturing Co.*, 230 N. Y. 309; *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.*, 229 N. Y 489; *Matter of McInerney* v. *B. & S. R. R. Corp.*, 225 N. Y. 130; *Walters* v. *Staveley Coal & Iron Co., Ltd.*, 4 B. W. C. C. 303, House of Lords, 1911.)

There is a line of cases which hold that an employee injured while on the streets or in a conveyance may recover compensation. These are cases where the nature

of the claimant's work took him to and in the place where he was injured, and where at the time he was actually engaged in doing that for which he was paid (*Matter of Redner* v. *Faber & Son*, 223 N. Y. 379); also compensation has been allowed where the employee was injured while traveling to and from his work in a conveyance furnished by the employer under the contract of employment and the necessities of the situation. (*Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369.) In this case, however, Lampert was not doing work for his employer while going to and from his home, neither was he being transported in a conveyance furnished by and under the control of his master.

The application of the rule which has been made by the court below would carry us very far afield. If under ordinary circumstances and within the authorities first above cited, Lampert was not carrying on any work for which he was employed while going home or coming to the factory, what was there in the strike which could possibly change this fact? The strike could not extend the field of his employment or the limits of his occupation unless he were employed to do something in connection with the strike which of course is not this case. That he was in danger on the streets because of the strike is beyond question, but the danger existed at all times and not necessarily while Lampert was going to and from his work. He could have been assaulted by a striker on the streets while he was going from his home to do an errand or while going to the theatre or to a dance or other place of amusement. If the limits of his employment can be extended under such circumstances to cover the distance between his home and the factory, why cannot those limits also be extended to reach any place and any activity in which the workman may be after working hours? The danger may exist in one place as well as another. The fact that the employer may have offered or ordered protection from strikers to the employee

while he was upon the street and after the hours of his work would not or could not change the nature of his work or the time of its commencement and completion. The statute says that an employee must be injured while in the course of his employment. In this case Lampert's employment ceased when he left the factory.

The views which we here express have been the ruling in other jurisdictions where a similar state of facts has presented the same question. (*Poulton* v. *Kelsall*, L. R. 2 K. B. [1912] 131; *Rourke's Case*, 237 Mass. 360.) In both these cases, there was an agreement to protect the employee from strike violence.

The order of the Appellate Division should be reversed and the award of the state industrial board set aside and the claim dismissed, with costs to the appellants.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Order reversed, etc.