In the Matter of the Claim of MIRIAM B. FIELD et al.,
Appellants, against CHARMETTE KNITTED FABRIC COM-
PANY et al., Respondents.

STATE INDUSTRIAL BOARD, Appellant.

**Workmen's compensation — master and servant — death of
superintendent of mill through blow of discharged employee
as he left the building after close of work — injury arose out
of and in course of employment where quarrel outside mill
was merely continuation of one begun within.**

An award, under the Workmen's Compensation Law, is properly
made to dependents of the superintendent of a mill, who, having
discharged an employee and finding him in the building after the
closing hour, ordered him to leave, whereupon angry words followed
and, a few minutes later, when he went down stairs and out of the
building, the employee, waiting for him on the sidewalk a few feet
from the door, challenged him to fight and upon his trying to walk
away struck him in the face, causing him to fall backward, fracturing
his skull, from which he died. The injury was one that might fairly
be found to have arisen ".out of " the employment and an argument
that it did not arise " in the course of employment " for the reason
that, after finishing the work of the day, the assaulted man had left
the mill and was out upon the public sidewalk, cannot be sustained.

*Matter of Field* v. *Charmette Knitted Fabric Co.*, 219 App. Div.
753, reversed.

(Argued March 29, 1927; decided May 3, 1927.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered
February 16, 1927, reversing an award of the State
Industrial Board made under the Workmen's Compensa-
tion Law and dismissing the claim.

*H. H Nordlinger* and *Samuel H. Hofstadter* for claimants,
appellants. The accident arose out of and in the course
of the decedent's employment. The award of the State
Industrial Board was well within the authority of the

adjudicated cases, and should be reinstated. (*Matter of Fried* v. *Quinlan, Inc.*, 242 N. Y. 496; *Matter of Rydeen* v. *Monarch Furniture Co.*, 240 N. Y. 295; *Matter of Knocks* v. *Metal Packing Corp.*, 231 N. Y. 78; *Matter of Verschleiser* v. *Stern & Son*, 229 N. Y. 192; *Matter of Leonbruno* v. *Champlain Silk Mills*, 229 N. Y. 470; *Matter of Carbone* v. *Loft*, 219 N. Y. 579; *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Bandassi* v. *Molla*, 200 App. Div. 266; 234 N. Y. 554.)

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for State Industrial Board, appellant. The accident arose out of the employment. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Matter of Leonbruno* v. *Champlain Silk Mills*, 229 N. Y. 470; *Matter of Verschleiser* v. *Stern & Son*, 229 N. Y. 192; *Matter of Carbone* v. *Loft*, 219 N. Y. 579; *Matter of Fried* v. *Quinlan, Inc.*, 242 N. Y. 496.) The accident arose in the course of the employment. (*Ross* v. *Howieson*, 198 App. Div. 674; 232 N. Y. 604; *Martin* v. *Metropolitan Life Ins. Co.*, 197 App. Div. 382; 233 N. Y. 653; *Cudahy Packing Co.* v. *Parramore*, 263 U. S. 418; *Carter* v. *Gordinier & Warring Co.*, 194 App. Div. 925; 230 N. Y. 597.)

*William Warren Dimmick* for respondents. The accident and the death of the deceased, Isaac Field, did not arise out of and in the course of his employment, within the meaning of section 2 of subdivisions 7 and 8 of the Workmen's Compensation Law. (*Lampert* v. *Siemons*, 235 N. Y. 313; *Scholtzhauer* v. *C. & L. Lunch Co.*, 233 N. Y. 12; *Griffin* v. *Robertson & Son*, 176 App. Div. 6; *Stillwagon* v. *Callon Bros.*, 183 App. Div. 141; 224 N. Y. 714; *Stein* v. *Williams Printing Co.*, 195 App. Div. 336; *Swanson* v. *Tefft*, 211 App. Div. 821; *De Fillippis* v. *Falkenberg*, 170 App. Div. 153; *De Salvo* v. *Menihan Bros.*, 225 N. Y. 123; *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Coope* v. *Loew's Gates Theatre*, 215 App. Div. 260; *Saenger*

v. *Locke,* 220 N. Y. 556; *Matter of Rydeen* v. *Monarch Furniture Co.,* 240 N. Y. 295.)

CARDOZO, Ch. J.   One Field was general manager and superintendent of a mill.   Magid, a knitter in the mill, was doing unsatisfactory work, and Field ordered him discharged.   The message giving word of the discharge was brought to Magid about 5.15 P. M.   He kept on working, however, till 5.30, the closing hour for the factory.   Field, finding him in the building, ordered him to leave.   Angry words followed, Magid asking whether Field was strong enough to put him out, and Field retaliating by raising a bobbin in the air.   Other workmen who were by, pulled Magid away.   A few minutes later, Field went downstairs and out of the building.   Magid, waiting for him on the sidewalk, three or four feet from the door, challenged him to fight.   Field tried to walk away, but Magid struck him in the face.   He fell backward, fracturing his skull, and died.   An award in favor of dependent relatives was reversed upon appeal.

Our decisions make it plain that the injury to Field was one that might fairly be found by the triers of the facts to have arisen " out of " the employment (Workmen's Comp. Act; Cons. Laws, ch. 67, § 2, subd. 7). Magid was the aggressor in an assault provoked by the discharge and the ensuing war of words (*Matter of Rydeen* v. *Monarch Furniture Co.,* 240 N. Y. 295; *Matter of Knocks* v. *Metal Packing Corp.,* 231 N. Y. 78; *Matter of Fried* v. *Quinlan, Inc.,* 242 N. Y. 496; *Matter of Verschleiser* v. *Stern & Son,* 229 N. Y. 192; cf. *Zygmuntowicz* v. *Am. Steel & Wire Co.,* 240 Mass. 421, 424). The argument is made, however, that the injury did not arise " in the course of employment " (Workmen's Comp. Act, § 2, subd. 7), for the reason that Field, after finishing the work of the day, had left the premises or plant (§ 2, subd. 4), and was out upon the public sidewalk.   If he had been struck within the threshold,

liability would be conceded. Because he was struck without, liability has failed.

We think the line of division is drawn too narrowly and closely when circumstances of place are thus considered to the exclusion of all others. The quarrel outside of the mill was merely a continuation or extension of the quarrel begun within. Magid, pulled away from his enemy indoors, was waiting for his vengeance at the gate, and took it on the instant. The rule is well settled that an employee, even after closing time, is in the course of employment until a suitable opportunity has been given to leave the place of work (*Matter of Lynch* v. *City of New York*, 242 N. Y. 115, 118). For that reason, claims have been sustained for injuries on stairs or in elevators though the stairs or the elevators were not controlled by the employer, a tenant of a loft above (*Matter of Ross* v. *Howieson*, 232 N. Y. 604, reversing 198 App. Div. 674, on the dissenting opinion in that court; *Martin* v. *Met. Life Ins. Co.*, 197 App. Div. 382; 233 N. Y. 653; *Sundine's Case*, 218 Mass. 1). Here, almost in the very act of putting his foot without the mill, the employee is confronted by a danger engendered by his work within. The situation would be hardly different if a struggle, begun back of the threshold, had ended in a fatal blow delivered on the walk. No reasonable opportunity had been offered the assaulted man to separate himself from the plant, its animosities and dangers. Continuity of cause has been so combined with contiguity in time and space that the quarrel from origin to ending must be taken to be one.

The facts being what they are, there is no occasion to consider whether a recovery would be permitted though the unity of the transaction were less apparent than it is (*Cudahy Packing Co.* v. *Parramore*, 263 U. S. 418; *Matter of Carter* v. *Gordiner & Warring Co.*, 230 N. Y. 597; and cf. *Matter of Lampert* v. *Siemons*, 235 N. Y. 311; *Rourke's Case*, 237 Mass. 360).

The order of the Appellate Division should be reversed, and the award confirmed, with costs in the Appellate Division and in this court.

POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur; KELLOGG, J., dissents.

Ordered accordingly.