In the Matter of the Claim of JAMES GILL, Respondent, against BELMAR CONSTRUCTION COMPANY and Another, Appellants. THE STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 19, 1929.

*Murphy, Aldrich & Guy* [*Thomas H. Guy* and *John H. Broderick* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

VAN KIRK, P. J. The sole question in the case is whether or not the accidental injuries arose out of and in the course of the employment. There is no dispute in the facts. The claimant was employed as a chauffeur and was from time to time assigned to, and performed, other work. On May 8, 1928, he was directed to assist the foreman who had charge of blasting work. He was directed by the foreman to bring sticks of dynamite and caps to the work. He had picked up a number of sticks of dynamite and six caps. He noticed that one of the caps did not have the usual wire attached. Of this he informed the foreman, who told him to bring it over; he said his hands were full and the foreman told him to put it in his pocket and bring it over to the job. He put it in his trousers pocket, but, when he delivered the dynamite and caps, as directed, he neglected to deliver the one in his pocket; he said he forgot all about it. He continued working in the afternoon; then went, in the bus furnished by the employer, to the hotel where the men were boarding. The next morning, when dressing, he put his hand in his pocket, where the cap still was, to take out

a safety pin, which he used in dressing; it came in contact with the cap in such manner that an explosion occurred and his injuries were sustained.

When claimant reached the hotel his employment ended. (*Matter of Lampert* v. *Siemons*, 235 N. Y. 311.) He had no work to do for his employer at the hotel. Not until he should enter the bus the following morning, to return to work, would he re-enter his employment. Dressing in the morning was no part of his employment. (*Matter of Davidson* v. *Pansy Waist Co.*, 240 N. Y. 584.) He was not then in the course of his employment when injured, unless because of the fact that he still had the dynamite cap in his pocket. This fact, we think, did not extend the field of his employment to include the hotel room in which he slept and was dressing. The cap was in his pocket solely because he failed to obey the instructions given him and forgot to deliver the cap at the job as he did the sticks of dynamite and other caps. His employment was not the cause of carrying it to his boarding place; but, the cap absent, there would have been no accidental injuries; the risk was not related to his employment or to any service being rendered to his employer. (See *Matter of Marks* v. *Gray*, 251 N. Y. 90.) He received no pay during the hours he was at his hotel; his employer had no reason to suspect that he was carrying the cap. The retention of the cap in his pocket was his own unauthorized act (*Matter of Daly* v. *Bates & Roberts*, 224 N. Y. 126); by carrying it to the hotel he was rendering no service to, or in the interest of, his employer. The injuries did not arise out of or in the course of his employment.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.