In the Matter of the Claim of MARIE PENDL, Appellant, against ARTHUR HAENEL and Another, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 27, 1930.

*Francis X. Stephens, Jr.,* for the appellant.

*Hamilton Ward, Attorney-General [Alexander A. Tausky, Assistant Attorney-General,* of counsel], for the State Industrial Board.

*Jenkins, Dimmick & Finnegan [William Warren Dimmick* of counsel], for the respondents Arthur Haenel and United States Fidelity and Guaranty Company.

HILL, J. The Industrial Commission has disallowed a claim for death benefits made by the dependent widow and children of Leo Pendl who died as the result of a stab wound inflicted by an unidentified negro. Decedent was superintendent of an apartment house in which he and his family lived. The owner of the

building directed a negro, who to him appeared to be seeking employment, to the basement where decedent and his wife were engaged in removing garbage, one from the dumbwaiter in the front and the other from the dumbwaiter in the rear. The negro first saw the wife, was directed to the place where decedent was working, wandered about the basement with no apparent mission, and after a time again approached the wife. Her testimony is that he then " looked very bad on me. He opened his coat. I saw a long knife in his belt. I screamed. My husband ran after the nigger."

The Board has decided that decedent was about one hundred and fifty feet away from the entrance to the apartment house when he was stabbed. No witness saw the actual stabbing. There is testimony to support the finding of the Board. A finding that decedent was stabbed near or on the stairs leading from the basement to the street would also have been sustained by the evidence. We must apply the law to the facts as found. The decedent had put to flight a criminal who had come into the building. The Board has decided that in continuing the pursuit into the street, there was an abandonment of the employment for private personal vengeance or to avenge an affront to his wife.

Judge CARDOZO, writing in *Matter of Field* v. *Charmette K. F. Co.* (245 N. Y. 139), speaking of a situation having some analogy, says: " The quarrel outside of the mill was merely a continuation or extension of the quarrel begun within.  *  *  * The situation would be hardly different if a struggle, begun back of the threshold, had ended in a fatal blow delivered on the walk." We are not to determine whether the pursuit was negligent or even sensible, but only whether it was in connection with the master's business. Decedent had to deal with a vicious criminal who came into the building of which he was superintendent. Persons lawfully there might be injured, or the property of his employer destroyed or stolen. The intruder might have had a design to ascertain the plan of the interior of the building in preparation for a later burglarious or felonious entrance. The continuation of the pursuit for one hundred and fifty feet beyond the basement door was not an abandonment of the employment.

The decision should be reversed, with costs, and the matter remitted.

HINMAN, Acting P. J., DAVIS and WHITMYER, JJ., concur; HASBROUCK, J., dissents and votes to affirm on the authority of *Matter of Douglas* v. *Kenn-Well Contracting Co.* (249 N. Y. 609).

Decision reversed and claim remitted, with costs to the claimant against the employer and the insurance carrier.