In the Matter of the Claim of BESSIE WILLIAMS, Widow, on Account of the Death of CHARLES A. WILLIAMS, Deceased Employee, Appellant, against ARTHUR GALLOW, INCORPORATED, Employer, and NEW AMSTERDAM CASUALTY Co., Insurance Carrier, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 14, 1941.

*Stephen R. J. Roach,* for the appellant.

*Bernard F. Farley,* for the New Amsterdam Casualty Company, carrier respondent and representing employer.

*John J. Bennett, Jr., Attorney-General,* for the State Industrial Board, respondent.

BLISS, J.   The following facts are undisputed and are related verbatim.   Decedent was an engineer employed by Arthur Gallow, Incorporated, a construction company with its office in the Bronx, New York city.   He was killed while traveling from his home to a construction job on December 1, 1938.   At that time the employer was engaged in the construction of a prison wall at Greenhaven and decedent was the chief engineer of construction on that job. Previously the employer had been engaged on other jobs on which decedent had been chief engineer.   This was the only job the employer had had since August, 1938, and decedent had charge of the entire job.   There was a field office provided for the construction engineer and his assistants on the job at Greenhaven where plans and directions for the day's work were kept.

In the office of the employer in the city of New York decedent had his own private office with his name on the door.   In addition to being the engineer in charge of construction on the Greenhaven job, decedent was the chief estimator for his employer.   His home was in Scarsdale which, generally speaking, lies between the Bronx and Greenhaven.   At times deceased would go to the main office in New York and bring down reports, records and facts and go over the job.   His work as an estimator was done at his office in New York city and his home at Scarsdale and on occasion he

would work nights and Sundays at his work. He had no regular hours. On many occasions he worked evenings. At one time he was treasurer of the employer. At least once he went direct from his home at Scarsdale to Albany in connection with the Greenhaven job and he went wherever bids were put in. He was not required to go to his office first. On occasion he would go to the various jobs direct from his home instead of reporting to the office. He did a lot of figuring and most of the estimating at home and worked at home nights and Sundays a good deal of the time. Some mornings he went from his home direct to the office in the Bronx. The employer did not pay for the transportation of its employees although it did pay a portion of decedent's expenses in driving his own car to Albany. On the night before the day of his death, decedent arrived home from Greenhaven at eleven o'clock. It was his custom to come home every night. The following morning he left home at about six A. M. and met his death while riding as a passenger in his own car on the way from his home to the job at Greenhaven. He had done some work at home on the night before and when killed he had in his pockets papers, memoranda and petty cash belonging to the employer.

On this testimony, which is not in dispute, the referee made an award of death benefits. The State Industrial Board, upon the same evidence, reversed the referee's award and dismissed the claim. The Board found that the duties of the deceased at the time of his death were confined solely to the job at Greenhaven at a fixed location and that the accident was not sustained in the course of the employment. It relied heavily upon *Grathwohl* v. *Nassau Point Club Properties, Inc.* (243 N. Y. 567) in reaching this decision. There the claimant was injured while cranking his own automobile in his own garage at his home preparatory to driving it to work on his employer's premises.

We do not believe that the *Grathwohl* case is controlling here or that this evidence sustains the Board's conclusion that deceased's duties were confined solely to the job at Greenhaven as a fixed location. It is undisputed that decedent's private office with his name on the door was in the main office of the employer in New York city and he reported to this office whenever necessary in connection with the job at Greenhaven. Also, it is undisputed that his duties in connection with this job not only took him to New York and Greenhaven, but also on occasion to Albany. This is not our conception of a plant worker or one whose efforts in behalf of his employer are confined to a fixed location. Decedent's position was more closely akin to that of the employee in *Bennett* v. *Marine Works, Inc.* (273 N. Y. 429, 432) where Judge FINCH,

writing for an unanimous court, said: " The rule for inside employees cannot be applied fairly to outside employees who have no fixed place of employment to which they report daily, and accidental injuries to such employees are compensable if they occur after they start out with the intention of going directly to the place where they will engage in their work, unless the accident occurs before they leave their home. (*Matter of Turner* v. *Cathedral Pub. Co.*, 268 N. Y. 656; *Matter of Tafft* v. *Stafford*, 266 N. Y. 555.) "

The decision should be reversed and the matter remitted to the State Industrial Board.

HILL, P. J., CRAPSER, SCHENCK and FOSTER, JJ., concur.

Decision unanimously reversed and matter remitted to the State Industrial Board, with costs to the appellant against the State Industrial Board.