In the Matter of the Claim of MICHAEL McGRINDER, Respondent, against JOHN F. SULLIVAN et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.

Argued January 5, 1943; decided March 4, 1943.

*Floyd Coursen* and *Harry Wareham* for appellants.

*William Doblin* for claimant, respondent.

*Per Curiam.* An employer and his insurance carrier appeal from an order of the Appellate Division which (1) reversed a determination of the State Industrial Board dismissing a claim made under the Workmen's Compensation Law and (2) remitted the matter to the Board for a decision to the contrary.

The claimant was employed as a bartender in premises at Lexington avenue and 121st street, Manhattan, city of New York. The hours of his employment were from 5 P. M. to 4 A. M. He stated his case as follows: "A customer came in, and he started an argument, and there was a lady in the back and I told him to keep quiet, but he wouldn't do it, and he was using filthy language, so I had to put him out, and when I put him out he says, 'I will see you again.' I didn't think anything more about it, and I closed the door at 3:15, and when I went to 125th street he met me up there, and he wanted to shake hands with me, with his left hand, and he smashed me in the left eye with his right hand." When the claimant was thus assaulted, he was waiting to take a street car to his home.

The parties are agreed that the injury arose " out of " the employment. (Workmen's Compensation Law, § 2, subd. 7.) The Board found that the injury did not arise " in the course of his employment." (§ 2, subd. 4.) The Appellate Division reversed this finding for the reason that the quarrel outside the bar room was merely a continuation of the quarrel begun within.

We are not free to adopt this conclusion of the Appellate Division. The question was whether continuity of cause was so combined with continuity in time and space that the quarrel from origin to ending should be taken to be one. (*Matter of Field* v. *Charmette Knitted Fabric Co.*, 245 N. Y. 139.) The negative answer given by the Board was an act of judgment upon a debatable matter of fact. The Appellate Division was without power to direct the Board to decide the other way as matter of law. (Workmen's Compensation Law, § 20; *Matter of Dubinsky* v. *Kofsky*, 266 N. Y. 631; *Matter of Daus* v. *Gunderman & Sons,` Inc.*, 283 N. Y. 459.)

The order of the Appellate Division should be reversed and the determination of the State Industrial Board reinstated, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.