In the Matter of the Claim of BERNARD SIMMONS, Appellant, against OTIS ELEVATOR COMPANY et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by claimant from the decision of the State Industrial Board disallowing the claim of a crippled dependent son of the deceased employee on the ground that the third party action was discontinued without written consent of the employer and carrier and that the agreement to discontinue was entered into after the expiration of the two-year period, thereby denying the employer and carrier their right to subrogation. The Board made a factual finding that on January 29, 1942, by stipulation between the attorneys for the parties, " the said action was discontinued after the expiration of the two-year period, without the written consent of the employer and carrier, and the employer and carrier were deprived of their rights to subrogation ". The sole issue is that of waiver and prejudice, a debatable question of fact which has been resolved by the Board in favor of the employer and carrier. This court is without power to direct the Board to decide the other way as a matter of law. (*Matter of McGrinder* v. *Sullivan*, 290 N. Y. 11.) In any event there is substantial evidence to sustain the finding of the Industrial Board, and the decision disallowing the claim should be affirmed and the claim dismissed, without costs. Decision of the State Industrial Board affirmed and claim dismissed, without costs. All concur.