MARIE COLLIER'S CASE.

Suffolk. March 1, 1954. — April 27, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Agency*, Scope of authority or employment. *Contract*, Of employment.

An injury to a waitress employed in a restaurant was as matter of law not sustained in the course of her employment within the workmen's compensation act where it appeared that about one hour after an intoxicated customer who had threatened her with physical harm because she refused to serve liquor to him had left the restaurant she left it at the close of her working hours to go home and, after walking along the street some fifty-eight feet, was assaulted by the customer and thereby sustained such injury.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Sullivan*, J.

*Reuben H. Nitkin*, for the claimant.

*W. Warren Jump*, for the insurer.

WILLIAMS, J.  The employee appeals from a final decree
of the Superior Court dismissing her claim for compensation
under the workmen's compensation law.  G. L. (Ter. Ed.)
c. 152.  According to her testimony and the findings of the
single member she was employed as a waitress in a restaurant
called Columbia Gardens which was located on Washington
Street, Boston, at the corner of Castle Street.  Her work-
ing hours were from approximately 8 P.M. until 1 A.M. when
the restaurant closed.  About 11:30 on the night of No-
vember 2, 1951, a man entered the restaurant and asked to
be served liquor.  According to instructions, she refused to
serve him because he was already under the influence of
liquor.  He became abusive and threatened her with physi-
cal harm.  She left the restaurant shortly before 1 A.M.,
about one hour after the customer had left.  While walking
along Washington Street some 58 feet from the door of the
restaurant on her way to take an elevated train home, she
was assaulted by this man.  He pushed her and in falling her
hip was fractured.  The single member of the Industrial
Accident Board found "that what happened in the street
was merely a continuation of the quarrel the customer had
begun on the premises during the course of her employment
and flowed from it as a rational consequence," and cited
*McGrinder* v. *Sullivan*, 264 App. Div. (N. Y.) 640.  She
awarded compensation to the employee.  The reviewing
board affirmed and adopted the findings of the single mem-
ber "excepting the finding made in effect . . . that the
employee's injury arose in the course of her employment
and except also the award of compensation."  It reversed
the decision and held "that as matter of law, the injury was
not received by the employee while she was in the course of
her employment."  On certification to the Superior Court
the claim for compensation was dismissed.

Ordinarily injuries to an employee which are received on
the public street after the employee has completed his work

for the day and is proceeding to his home are not compensable. *Fumiciello's Case*, 219 Mass. 488. *Rourke's Case*, 237 Mass. 360. *Bell's Case*, 238 Mass. 46. *Chernick's Case*, 286 Mass. 168, 172. *Smith's Case*, 326 Mass. 160. *Lampert* v. *Siemons*, 235 N. Y. 311.

Without questioning this general rule the employee contends that in the peculiar circumstances of this case it could be found that the assault was a part of a continuing altercation which started in the restaurant during working hours and that her injuries were received in the course of her employment. In support of her contention she refers us to the decision in *Field* v. *Charmette Knitted Fabric Co.* 245 N. Y. 139. In that case the employee was a mill superintendent who just before closing time had an altercation within the mill with a workman he had discharged. A few minutes later the employee left the premises and was attacked and injured by the discharged workman on the sidewalk three or four feet from the door of the mill. On appeal to the Court of Appeals a decision of the State Industrial Board awarding compensation was confirmed. In the opinion written by Chief Judge Cardozo it was said, "The quarrel outside of the mill was merely a continuation or extension of the quarrel begun within . . . . No reasonable opportunity had been offered the assaulted man to separate himself from the plant . . . . Continuity of cause has been so combined with contiguity in time and space that the quarrel from origin to ending must be taken to be one. The facts being what they are, there is no occasion to consider whether a recovery would be permitted though the unity of the transaction were less apparent than it is." Page 142.

In a later case, *McGrinder* v. *Sullivan*, 290 N. Y. 11, the employee was a barkeeper and in ejecting a customer shortly before closing hours was threatened by the customer. After the barroom closed the employee walked four city blocks and was then assaulted by the person who had threatened him. The State Industrial Board denied a claim for compensation. The Appellate Division of the Supreme Court reversed the decision of the board, 264 App. Div. (N. Y.)

640 (cited in the decision of the single member). The decision of the Appellate Division was in turn reversed by the Court of Appeals in a per curiam decision, wherein it was said, "The question was whether continuity of cause was so combined with continuity in time and space that the quarrel from origin to ending should be taken to be one. . . . The negative answer given by the Board was an act of judgment upon a debatable matter of fact." Page 12.

It is unnecessary to decide whether on facts like those in the *Field* case this court would sustain an award of compensation by the Industrial Accident Board. The facts in the instant case more closely resemble those appearing in the *McGrinder* case. In that case the court sustained the decision of the State board denying compensation, but seems to have assumed that there was an issue of fact for the board. The question before us is whether the reviewing board was right in denying compensation as matter of law. The board undoubtedly could have found that the intent of the customer to assault the employee arose from her refusal to serve him liquor and that this intent continued from the time of the refusal to the time of the assault. But such continuance of cause alone was not sufficient to warrant an award of compensation. See *Rourke's Case*, 237 Mass. 360; *Lampert* v. *Siemons*, 235 N. Y. 311. The altercation between the employee and the customer did not continue but ended when he abandoned his demand for a drink and left the restaurant. Thereafter an hour elapsed during which the employee completed her work for the night, left her employer's premises, and walked along the street for a substantial distance. In these circumstances it could not be found that there was one continuing event and the board was right in ruling that the injuries of the employee were not received in the course of her employment.

*Decree affirmed.*