In the Matter of the Claim of JEAN BENJAMIN, Respondent, against KAPLAN ELECTRIC Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 17, 1959.

*George J. Hayes, Charles G. Tierney* and *Morris N. Lissauer* for appellants.

*Louis J. Lefkowitz, Attorney-General (Edward A. Bailey* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Schur, Handler & Jaffin* for claimant-respondent.

REYNOLDS, J. Appeal from an award of death benefits made by the Workmen's Compensation Board to the widow of the deceased employee.

The issue on appeal is whether the injuries sustained by Benjamin, the deceased employee, which resulted in his death, arose out of and in the course of his employment.

The decedent, an engineer, had worked for the employer herein for 12 years as a job superintendent. During this time he had taken care of electrical installations at such places as Philadelphia, Trenton, Syracuse and Poughkeepsie. At the time of his death the decedent was handling a job at Dover, Delaware and he had been on this job for about seven months. He made out daily and weekly reports and was in frequent contact with the employer's office in New York City but he was only there periodically. He was staying at a hotel or a private home in Dover and the employer paid his expenses. The decedent's home was in Philadelphia and it was his practice to drive home on Wednesday nights returning to the job on Thursday morning and to drive home on Friday nights returning to the job on Monday morning. Both the manager and the owner of the employer company were aware of this practice of the decedent. On Wednesday, December 19, 1956 the decedent returned to his home in Philadelphia and it was while driving back to his job the next morning that he met his death when he was involved in an automobile accident. He had left home at 5:30 A.M. and the accident occurred at 6:30 A.M. Work on the job in Dover began at 8:00 A.M. In the decedent's car at the time of the accident were found his work clothes, boxes of tools, a brief case and plans and specifications for the job.

It would seem that the decedent here might be classified as an outside worker in the sense that he did not work on the employer's premises but as was stated in *Matter of Glickman* v. *Greater New York Taxpayers* (305 N. Y. 431, 433): "Glickman was an 'outside worker'—to distinguish him from one whose employment confines him to office desk or factory bench—but that did not mean that every accident that might befall him would be within the compass of the Workmen's Compensation Law; it had still to be within the ambit of his work, it had still to arise out of and in the course of his employment."

In the present case the decedent had a fixed location to which he reported daily. Although this fixed location would change when a job was finished it was fixed or permanent while the job was in progress and the decedent had been on the job in Dover for seven months. *Matter of Williams* v. *Arthur Gallow, Inc.* (261 App. Div. 765) and *Matter of Gottshall* v. *United Utilities & Specialty Co.* (275 App. Div. 736) cited by respondent, are readily distinguishable. This case seems factually close to the *Glickman* case (*supra*).

The widow testified that it was the decedent's practice to return home every Wednesday and Friday night and it would seem that under the rule laid down in *Matter of Marks* v. *Gray* (251 N. Y. 90) these trips were purely personal notwithstanding the fact that purchases for the job were occasionally made in Philadelphia. The test laid down in that case was (p. 93): '' We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled.''

Thus the decision of the Board awarding death benefits should be reversed and the claim dismissed.

FOSTER, P. J., BERGAN, COON and HERLIHY, JJ., concur.

Decision and award reversed and claim dismissed, with costs to the appellants against the Workmen's Compensation Board.