■ In the Matter of the Claim of WILLIAM CRAIG, Respondent, v. JEFFERSON AUTO PAINTING CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeals by an employer and its insurance carrier from decisions which awarded compensation benefits for disability due to injuries sustained by claimant when a coemployee threw in claimant's eyes the contents of a can containing a chemical solution used in the employer's automobile body repair shop. Claimant, employed as an automobile sander and polisher, was approached during working hours by the shop steward who "wanted me and some other fellow workers to tell a lie against the foreman * * * that the foreman was stopping us from working." Upon claimant's refusal, the coemployee threatened claimant that "something was going to happen" to him at 4:30, the end of the work day. Claimant testified that at 4:30, when he finished his day's work and had walked outside some 20 feet to the curb of the sidewalk, the coemployee approached him and threw the solution over him, some of it entering and injuring his eyes. The board found that the assault was work-connected, as it obviously was, and that it occurred "within the reasonable space and time limits of the employment", and that the resultant disability was compensable accordingly. Appellants erroneously contend that the rule permitting recovery in cases of accidents occurring in such close proximity to the employment premises is restricted to accidents involving outside workers. They assert that in any event the incident did not occur in the course of the employment, seeming not to dispute the finding that it arose out of the employment. It seems clear that this assault, in an area which the board could find within the precincts of the employment, by means of a chemical agent used in the employment, and in fulfillment of threats uttered during working hours, in the course of a work-connected argument, was compensable, on the grounds found by the board and, additionally, under the continued altercation rule, which permits recovery in the case of a work-connected quarrel commenced within the time and space limits of the employment and continued beyond them. "The rule is well settled that an employee, even after closing time, is in the course of employment until a suitable opportunity has been given to leave the place of work * * * No reasonable opportunity had been offered the assaulted man to separate himself from the plant, its animosities and dangers. Continuity of cause has been so combined with contiguity in time and space that the quarrel from origin to ending must be taken to be one." (*Matter of Field* v. *Charmette Knitted Fabric Co.*, 245 N. Y. 139, 142; *Matter of Feuchtbaum* v. *Simwitz Bros. Trucking Co.*, 28 A D 2d 575.) The appellants' reliance upon *Matter of McGrinder* v. *Sullivan* (290 N. Y. 11) is misplaced, as there the Court of Appeals, while indicating the continued validity of the *Field* (*supra*) rule, affirmed, as a determination of fact, the board's decision, which was to disallow the claim and not, as here, to sustain it, the court stating: "The question was whether continuity of cause was so combined with continuity in time and space that the quarrel from origin to ending should be taken to be one. (*Matter of Field* v. *Charmette Knitted Fabric Co.*, 245 N. Y. 139.) The negative answer given by the Board was an act of judgment upon a debatable matter of fact. The Appellate Division was without power to direct the Board to decide the other way as matter of law." (P. 12; emphasis supplied.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum by Gibson, P. J.