In the Matter of the Claim of NATHAN NOTOWITZ, Respondent, v. ROSE TOWEL & LINEN SUPPLY COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—

Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur; Herlihy, P. J., dissents and votes to reverse and dismiss the claim in the following memorandum: The claimant testified that on January 10, 1968 at about 5:05 P.M., while driving a truck into his employer's garage, he " seen three fellows looking kind of suspicious. They followed me, and after that I start running, and then they caught up to me and they beat me up ". He further testified that they caught up to him about " a block " away from the garage and that they said to claimant " What kind of remark did you make? " The board found that these facts " constituted a hazard which did not permit him safe egress from the employment premises ". The record establishes that the claimant was paid disability benefits. It has been stated in prior decisions that there must be a line of demarcation between what is and what is not a compensable accident. In my opinion, the above facts do not constitute such an accident as a matter of law, but rather demonstrate a hazard of the street to which the public generally is exposed, and that the claimant's injuries were not caused either in his employment or arose out of his employment. To hold otherwise is to further extend coverage beyond what seems to be a reasonable or rational intention of the law and to be substituting Workmen's Compensation benefits for payments of disability benefits. The decisions relied upon by the majority are neither convincing nor controlling. *Matter of McGrinder* v. *Sullivan* (264 App. Div. 640, revd. 290 N. Y. 11) involved a bartender who ejected a patron who thereafter assaulted the bartender on his way home. *Matter*

*of Feuchtbaum* v. *Simwitz Bros. Trucking Co.* (28 A D 2d 575) involved a union dispute among employees. *Matter of Field* v. *Charmette Knitted Fabric Co.* (245 N. Y. 139) concerned an argument between fellow employees on the premises, followed by injuries sustained as one of the participants left the premises. As the Court of Appeals stated at page 142, " The quarrel outside of the mill was merely a continuation or extension of the quarrel begun within". The injuries sustained by the claimant were not occasioned within the precincts of his employment and, therefore, are the result of a natural or normal risk and the decision of the board should be reversed and the claim dismissed.