■ In the Matter of the Claim of MARIAN O'ROURKE, Respondent, v. MANUET RESTAURANT, IVY. HOUSE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals from decisions of the Workmen's Compensation Board, filed November 9, 1971, April 27, 1972 and August 30, 1972, affirming an award of death benefits to the claimant, and imposing a 20% penalty upon the insurance carrier for failure to make payments pursuant to the award. Claimant's husband was a manager and bartender of a restaurant and bar owned and operated by the employer. His regular hours of employment were 6:00 P.M. to 3:00 A.M. six nights per week. In the early morning of June 5, 1969, shortly after the completion of his duties, the deceased was involved in a one-car automobile accident on the route he normally took

home. He died three days later, never having regained consciousness. At the time of the accident, the deceased was operating his personal automobile which he always used in going to and from work. He was never reimbursed by his employer for any of his commutation expenses. The board found that at the time of his accident "the decedent was carrying with him the cash receipts of the employer, for purpose of changing the money into desired denominations, at the bank. The board further finds that the carrying of the employer's money by the decedent was in the nature of an errand and continued the decedent in his employment." The board thus concluded that the accident arose in the course of and out of the employment. The record discloses that no money was found by investigating police on the decedent's person or in or about his vehicle, notwithstanding a thorough search, and there is no objective evidence that when he left the employer's premises on the morning of his accident he had taken the money with him. However, evidence was presented that it was the decedent's practice to take a portion of the day's receipts home daily in a box and go to the bank later in the day for smaller bills and coins. In our view, this evidence, which contained numerous inconsistencies and was vehemently contradicted by the employer, allows no more than speculation that the deceased was transporting the employer's receipts at the time of his accident. However, we hold, as a matter of law, that even if the deceased had the money with him, he was not engaged in an employment-related errand which continued him in his employment. Although it is clear that an employee who is engaged in, or about to engage in, the performance of an errand during his journey between home and work, is entitled to compensation if injured during that trip, even if there is no deviation from the normal route (*Matter of Respole* v. *Schorr*, 25 A D 2d 581; *Matter of Mayer* v. *All Electronics*, 1 A D 2d 715), a trip is not transformed into an employment errand merely because the employee happens to have in his possession some papers or other paraphernalia relating to his employment. If this were not the case, the rule that the risks of travel to and from work are not risks of employment would quickly become emasculated and an employee might even be covered while relaxing at home so long as he had brought the employer's papers or documents there. Following this reasoning, we reversed an award of benefits in *Matter of Benjamin* v. *Kaplan Elec. Co.* (8 A D 2d 239, affd. 9 N Y 2d 801; see, also, *Matter of Winters* v. *Valley Farm Food Sales*, 16 A D 2d 1010). In the present case, it could not be found, upon any view of the evidence, that the deceased was enroute to the bank *at the time of his accident*. He was not in fact engaged in an errand, and the board's finding that his activity "was in the nature of an errand" is not supported by substantial evidence. Nor can it be argued that the deceased intended to perform duties at home, in an extension of the special errand rule. The performance of an occasional piece of "work" at home, with the employer's express or implied knowledge, does not make travel to and from employment an incident of such employment (*Matter of Trent* v. *Collins Tuttle & Co.*, 20 A D 2d 948). The home becomes a second place of employment, and thus travel thereto or therefrom a risk of employment, only where there is a pattern of doing work at home or the work is a special assignment (*Matter of Borders* v. *Scull Co.*, 33 A D 2d 870, 871). On the record before us, the present case would not fall within either exception. The fact that the award was improper does not, however, relieve appellants of the penalty imposed for nonpayment of said award within 10 days, as required by section 25 (subd. 3, par. [c]) of the Workmen's Compensation Law. It is specifically stated in section 23 that an appeal does not stay an award of

compensation; but this does not create any risk to an employer or carrier who complies with the statute, for section 23 provides for reimbursement of compensation paid pursuant to an award which is subsequently reversed upon appeal. The appellants here exposed themselves to risk by their own election to disobey the statute. Section 25 (subd. 3, par. [c]) makes no exception in cases of awards reversed upon appeal. The constitutionality of these statutes has previously been upheld. (Matter of Devito v. Imbriano, 39 A D 2d 796, affd. 33 N Y 2d 757.) Decision dated April 27, 1972 reversed, and claim dismissed, and decision dated August 30, 1972 affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Reynolds, JJ., concur.