■ In the Matter of the Claim of Elizabeth Malacarne, Respondent, v City of Yonkers Parking Authority et al., Appellants. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 2, 1974, which awarded death benefits to the widow and minor children of the deceased employee hereinafter finding that an assault upon the employee which resulted in his death arose out of and in the course of his employment. Decedent, Maurice Malacarne, was employed by the City of Yonkers Parking Authority as an attendant at a parking lot for Yonkers Raceway. His regular working hours were from 6:00 P.M. to 11:00 P.M., and each night at approximately 10:45 P.M. he would place that night's receipts in a bank bag and deposit the bag in the night deposit vault of a bank located across the street. On the night of January 23, 1971, however, decedent left work earlier than usual at about 10:15 P.M.

and traveled to the home of his brother-in-law in North Pelham to pick up his wife, and the parking lot receipts that night were deposited by another employee, Mr. Borrelli. Upon reaching his North Pelham destination, decedent was walking toward his brother-in-law's home when he was accosted by unknown assailants and shot, and he later died of the gunshot wound on February 5, 1971. As noted above, the board made an award of death benefits after ruling that the assault upon decedent arose out of and in the course of his employment, and from this determination the employer and its insurance carrier appeal. The sole question presented for our determination is whether there is substantial evidence to support the board's finding that decedent's death arose out of and in the course of his employment, and we hold that there is not, since decedent's death clearly did not arise in the course of his employment. Although there is admittedly some evidence in the record that decedent's unknown assailants were attempting to rob him of that night's parking lot receipts, it is undisputed that he had no receipts with him and no evidence was presented that he ever transported the receipts any farther than the night deposit vault of a bank located immediately across the street from the parking lot. Moreover, his trip to North Pelham was purely personal in nature and in no way related to his employment. Under such circumstances, the rule that the risks of travel to and from work are not risks of employment applies and compensation must be denied (cf. *Matter of Marks v Gray,* 251 NY 90; *Matter of O'Rourke v Manuet Rest.,* 43 AD2d 659; *Matter of Benjamin v Kaplan Elect. Co.,* 8 AD2d 239, affd 9 NY2d 801.) Any other result would unduly extend the compensation coverage of any employees who deal with money or other valuables at work even though they never take them home. Decision reversed, and claim dismissed, without costs. Koreman, Main and Reynolds, JJ., concur; Herlihy, P. J., and Greenblott, J., dissent and vote to affirm in the following memorandum by Herlihy, P. J. Herlihy, P. J. (dissenting). As noted by the majority herein, the employee's duties ordinarily required him to deposit the receipts from the parking lot in a bank located across the street from the parking lot premises. The appellant contends that because the employee was not in the course of his employment at the time of the assault, entitlement to compensation is negated and the majority has adopted this position. However, this court recently determined in *Matter of Notowitz v Rose Towel & Linen Supply Co.* (36 AD2d 543, affd 29 NY2d 502) that where the record established that the inception of the assault was at the point of leaving an employer's premises, the fact that the actual assault occurred at some distance from the premises would not require the denial of benefits as a matter of law. In *Notowitz* there was no proof which would establish that the assault was in any way connected with the employment other than the fact that the hazard arose in such a manner that the employee did not have a safe egress from the employment. In the present case, the record contains substantial evidence to support the finding of the board that the assault was connected with the employment in that the assailant was after the receipts which the employee would normally have in his possession when he left the employment premises. The causal connection between the assault and the employment is well established whereas in *Notowitz* there was no substantial evidence of any causal connection between the assault and the employment. Upon the present record, the board could find from the evidence that the assault had its inception at the employment premises and under such circumstances the fact that it occurred at some distance from such premises does not negate eligibility for

benefits as a matter of law. (See *Matter of Notowitz v Rose Towel & Linen Supply Co., supra; Matter of Field v Charmette Knitted Fabric Co.,* 245 NY 139.) The decision should be affirmed.