Wachtler, J. (dissenting).
It has been noted that "There is no single class of cases in which the basic purposes of compensation law have so far miscarried as in these 'delayed-injury’ cases”, that is, cases dealing with "work-connected assaults outside working hours” (1 Larson, Workmen’s Compensation Law, § 29.21). This case presents another example of that type of misapplication of the law.
Here there was a factual finding that claimant’s husband, a parking lot attendant at Yonker’s Raceway, who normally collected the receipts and deposited them in a nearby bank, was shot and killed by a man who demanded "the money bag with the money from the parking lot.” Common sense would indicate that this is a work-connected injury and that his widow should be compensated under the Workmen’s Compensation Law. That in fact was the finding of the Workmen’s Compensation Board. But because the injury occurred off the employer’s premises, after the employee had completed work, the majority, after lengthy and complex analysis, has con- *198 eluded that compensation should be denied. In my view this type of analysis and conclusion is at variance with the rule of liberal construction applicable to the Workmen’s Compensation Law and completely disregards the policy underlying the statute.
As the majority notes an employer is obligated to compensate an employee or his statutory beneficiaries for any "injury arising out of and in the course of the employment” (Workmen’s Compensation Law, § 10). And although they intentionally avoid the issue there is no doubt that the injury here arose "out of the employment”. It is settled that when an employee is assaulted in order to rob the employer, any injury inflicted arises out of the employment (Matter of Simonetti v Capitol Coal Co., 270 NY 633). This much should be obvious.
The primary issue is whether the injury arose "in the course of the employment”, in view of the fact that it "occurred” after the employee had completed work for the night and had left the place of employment. The test, it should be emphasized, is whether the injury arose in the course of the employment and not whether it occurred in the course of the employment. The distinction is quite significant and the failure to recognize it undoubtedly explains why so many of these cases involving "assaults after working hours” go wrong.
The use of the word "occur” would suggest that the injury be manifested or consummated in the course of the employment. "Arising” on the other hand "connotes origin, not completion or manifestation” (1 Larson, Workmen’s Compensation Law, § 29.22). Thus for instance, a disease or physical defect may originate during the course of employment, although disability or death may occur at a different time and place. Nevertheless the injury is held to "arise” in course of employment (see, e.g., Matter of McCormick v Green Bus Lines, 29 NY2d 246). The same is true of a job-related dispute initiated at the place of employment which results in an assault at another time and place (Matter of Field v Charmette Knitted Fabric Co., 245 NY 139; Matter of Notowitz v Rose Towel & Linen Supply Co., 36 AD2d 543, affd 29 NY2d 502; cf. Matter of Harrison v New York City Housing Auth., 32 NY2d 754). The same principle should apply, and has been applied, to an off-duty employee who is assaulted away from the premises in connection with an effort to rob the employer (Matter of Cain v Paramount Theatres Corp., 286 App Div 907, mot for lv to app den 309 NY 1030).
*199 Although the courts have attached significance to "the contiguity in time and space” in these assault cases (Matter of Field v Charmette Knitted Fabric Co., supra, p 142; cf. Matter of Lampert v Siemons, 235 NY 311; Matter of Douglas v Kenn-Well Contr. Co., 249 NY 609; Matter of Bonnafoux v Downtown Athletic Club, 268 NY 657), on principle, the only relevant factor would seem to be whether there is "continuity of cause” (Matter of Field, supra, p 142). In other words, if the assault, like the disease, or physical strain, has its origin in an incident of employment it should not matter when or where the injury occurs (see, e.g., Larson, op. cit., § 29.22).
However the majority has concluded that compensation should be denied because there is no evidence that any "event” occurred at the place of employment which could be related to the subsequent shooting to show that there was indeed an attempt to rob the employer. But it is unrealistic to expect a robber to begin the robbery like a quarrel with a verbal exchange or other noticeable "event” at the point of origin. In this type of case the assailant will rarely be seen or noticed prior to the robbery—especially when the place of employment is open to the public and draws a large crowd— and we must consider other factors to determine whether the injury had its origin in the decedent’s employment activities. Here the origin of the assault is the fact that the employee normally collected the parking fees and deposited the receipts at a local bank at the end of work. This, taken together with the statement allegedly made by the assailant establishes the assault as an incident or hazard of the employment, or so the board could find. Questions of credibility of course are for the board to resolve.
It is fundamental that the Workmen’s Compensation Law is remedial in nature and should be liberally construed (see, e.g., Matter of Commissioner of Taxation & Finance v Nu-Art Adv. Co., 271 NY 112, 115); that an assault is compensable "so long as there is any nexus, however slender, between the motivation for the assault and the employment” (Matter of Seymour v Rivera Appliances Corp., 28 NY2d 406, 409) and that when this raises "a debatable matter of fact” the board’s finding should be sustained (see, e.g., Matter of McGrinder v Sullivan, 290 NY 11, 12). The majority opinion completely overlooks these basic principles. Above all it seems to defy common sense to say, as the majority has, that this is not, and could *200 not possibly be considered a work-related injury within the meaning of the statute.
Accordingly, I would reverse the order of the Appellate Division and affirm the finding of the Workmen’s Compensation Law.
Chief Judge Breitel and Judges Jasen and Jones concur with Judge Fuchsberg; Judge Wachtler dissents and votes to reverse in a separate opinion in which Judges Gabrielli and Cooke concur.
Order affirmed, without costs.