■    In the Matter of the Claim of GEORGE LEWIS, Appellant, v TORING TAXI CO., INC., et al., Respondents, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed August 19, 1976. Decision affirmed, without costs. No opinion. Mahoney, Larkin and Mikoll, JJ., concur; Greenblott, J. P., and Main, J., dissent and vote to reverse in the following memorandum by Greenblott, J. P. Greenblott, J. P. (dissenting). We respectfully dissent. An analysis of the undisputed facts compels the conclusion that the injury to the claimant herein arose out of and in the course of his employment. He was a taxi driver who was on duty during working hours when the events in question occurred. He became involved in an argument with a fare in front of the Americana Hotel in New York City. The argument pertained to the amount to be paid for services rendered by the claimant. Claimant contended that the tip was insufficient and that he should have been paid for waiting time in Queens while his passenger went into his office to pick up some articles before proceeding on to the Americana Hotel. The argument over the tip continued into the hotel lobby and culminated in claimant's fall in the lobby. Recapitulating the facts, we find an injury in the course of his employment to an outside worker, who was involved in a dispute which obviously arose out of his employment and concerned his compensation. Whether claimant was entitled to an additional amount of money for his services is not the issue. We find no basis on these facts for a finding that claimant abandoned his employment. The rule of law denying compensation to an employee who abandons his employment has never been applied to a situation such as this where the injury occurred in the course of the work-related argument. On several occasions we have concluded that an employee was within the course of his employment when he actually left his employment and became injured because of a work-related argument (see *Matter of Craig v Jefferson Auto Painting Co.,* 33 AD2d 526; *Matter of Torosian v Nash Cab,* 27 AD2d 767). We must reiterate our belief that the case at bar is not one in which claimant left his employment for some purpose of his own. As a matter of law, there was no break in the argument when it continued into the hotel. "Continuity of cause has been so combined with continuity in time and space that the quarrel from origin to ending should be taken to be one." *(Matter of McGrinder v Sullivan,* 290 NY 11, 12.) The decision should be reversed.