■ In the Matter of the Claim of ESTATE OF WILLIAM L. MORITZ, Appellant, v ASCAR, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J.

The sole issue in this appeal is whether the reversal by the Workers' Compensation Board of the determination by the Worker's Compensation Law Judge is supported by substantial evidence in the record. We find it is and affirm the decisions which found that neither the automobile accident nor the death caused by the injuries sustained in the accident arose out of or in the course of employment.

William L. Moritz was a service technician and salesperson for Ascar, Inc. when, in May 1984, he was promoted and assigned temporarily, but indefinitely, as branch manager of a newly formed office in Erie, Pennsylvania. Ascar provided and maintained an apartment and a company car for him. Moritz could use the vehicle for personal use but had to reimburse Ascar on a mileage basis. He had a fixed office to which he reported daily and also performed outside sales and service. The sales activities involved some entertainment of customers and prospective customers primarily during the regular business day, but also occasionally in the late afternoon and early evening.

On October 10, 1984 Moritz suffered serious injuries in a one-car accident which ultimately resulted in his death on October 21, 1984. The record establishes that Moritz was alone in his vehicle driving away from the area of Erie, where both

his office and his apartment were situated, when his car struck a tree at 1:40 A.M. At that time he had a blood alcohol level of .235% which, for a person of his size, was the equivalent of 14 drinks. On the evening in question, Moritz had no customer appointments, but rather was scheduled to meet with Albert Scibetta, his supervisor, who was driving in from Buffalo and expected to arrive between 9:00 P.M. and 9:30 P.M. Scibetta was to meet Moritz at the office or, alternatively, at his apartment, but unbeknown to Moritz, Scibetta had to turn back because of poor weather conditions.

Workers' compensation death and disability claims were thereafter filed on behalf of Moritz. The Board ultimately denied benefits, finding that there was no evidence that Moritz had been in the course of employment when the accident occurred. These appeals ensued.

We find the Board's conclusion that the injuries and death did not arise out of and in the course of his employment supported by substantial evidence in the record and, accordingly, affirm *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180-182). Moritz's travel at the time of the accident was purely personal in nature *(see, Matter of Benjamin v Kaplan Elec. Co.,* 8 AD2d 239, *affd* 9 NY2d 801) and unrelated to his employment *(see, Matter of Williams v New York State Dept. of Health,* 145 AD2d 882). The speculation that Moritz's activity may have involved a customer or was otherwise job related has no support in the record and is directly contradicted by the circumstances which prevailed at the time of the accident and by Moritz's work history *(see, Matter of Cast v City of Gloversville Water Dept.,* 163 AD2d 622, *lv denied* 78 NY2d 851; *Matter of Ryan v Trojan Bar & Grill,* 98 AD2d 889, *lv denied* 62 NY2d 603).

Levine, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.