IDA PFEFER, ADM'X., ETC., RESPONDENT, v. WINER AND SAROFF COMMISSION COMPANY, AND CONTINENTAL CASUALTY COMPANY, APPELLANTS.—49 S. W. (2d) 293.

Kansas City Court of Appeals. April 4, 1932.

*Hanna & Hurwitz* for respondent.

*Edmund H. McVey, C. A. Randolph* and *Lester G. Seacat* for appellants.

ARNOLD, J.—This is an appeal from a decree of the circuit court of Jackson County, Missouri, overruling a final award and ruling of the Missouri Workmen's Compensation Commission.

The cause was heard and determined by both the commission and the circuit court and in both instances was presented for consideration upon an agreed statement of facts, as follows:

"On October 25, 1927, Abraham I. Stern, an employee of Winer & Saroff Commission Company, was killed performing duties as an employee of that company. On August 17, 1928, this commission made an award to Hortense Stern, sole dependent minor daughter of the deceased, of $20 per week for three hundred weeks, in addition to certain other allowances for hospital bills, medical attention, etc. This award was paid at regular intervals by the insurer, the Continental Casualty Company, to this dependent up to August 6, 1930. On August 17, 1930, Hortense Stern was killed in an automobile accident and her mother, Mrs. Ida Pfefer, was made administratrix of the estate of Hortense Stern. On August 22, 1930, the Commission made an order, without a hearing, abating the award, and requiring the said Ida Pfefer as administratrix, to execute a final receipt upon payment to her of $20 per week from August 6, 1930, to August 17, 1930; thereafter the insurer, the Continental Casualty Company, made an offer of compensation at the rate awarded up to and including August 17, 1930, which offer was by the said Ida Pfefer, administratrix, conditionally refused. Applicant Ida Pfefer, as administratrix of the estate of Hortense Stern, thereupon, on September 22, 1930, filed application for a rehearing and review, asking therein for the balance due to Hortense Stern, under the original award made by the commission, dated August 17, 1930."

The circuit court entered the following decree:

"Now on this day this cause comes on for hearing before the court upon the appeal of Ida Pfefer, as administratrix of the estate of Hortense Stern, deceased, from the award order and decision made in the above matter by the Missouri Workmen's Compensation Commission under date of November 17, 1930, and said cause hav-

ing been submitted to the court upon the record certified to this court by the Missouri Workmen's Compensation Commission on the 24th day of November, 1930, and upon oral argument and brief of counsel and the court being fully advised in the premises doth find that the Missouri Workmen's Compensation Commission acted in excess of its powers in its award on hearing under section 42, dated November 17, 1930, wherein it found an award of compensation to Ida Pfefer, administratrix, in the sum of $20 per week, for one and five-sevenths weeks, thereby abating and terminating a final award made by the commission on August 17, 1928, to Hortense Stern in the sum of $20 per week for three hundred weeks, except as to the accrued compensation due at the time of the death of Hortense Stern on August 17, 1930; it is therefore by the court,

Considered, ordered and adjudged that said award on hearing under section 42, made by Missouri Workmen's Compensation Commission, dated November 17, 1930, be and the same is hereby reversed in so far as said award of November 17, 1930, abated and terminated the award to Hortense Stern of August 17, 1928, and this proceeding is hereby remanded to the Missouri Workmen's Compensation Commission with directions to modify its award of November 17, 1930, in accordance herewith. And it is further ordered that the cost of this appeal taxed in the sum of $........ be assessed against the above named employer and insurer as provided by law in civil cases.''

From this decree, defendants have appealed. There is presented but one assignment of error, to-wit, that the court erred in reversing an 'Award on Hearing under Section 42' made by the Missouri Workmen's Compensation Commission on November 17, 1930, and remanding this cause to the Missouri Workmen's Compensation Commission for further proceedings.

Section 42 of the act provides:

''Upon its own motion or upon the application of any party in interest on the ground of a change in condition the commission may at any time upon a rehearing after due notice to the parties interested review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter, and shall immediately send to the parties and the employer's insurer a copy of the award. No such review shall affect such award as regards any moneys paid.'' [Sec. 3340, R. S. 1929.]

The authority of the commission to review and make an award ending, diminishing or increasing a compensation previously made, subject to the maximum or minimum provided in the chapter, is not here in dispute; but the question as to whether the trial court erred in decreeing the commission acted in excess of its power,

under section 42, of the act, in its award dated November 17, 1930, of compensation to Ida Pfefer, administratrix, in the sum of $20 per week for one and five-sevenths weeks, and terminating the final award made by the commission on August 17, 1928, to Hortense Stern, in the sum of $20 per week for 300 weeks, except as to the accrued compensation due at the time of the death of Hortense Stern, on August 17, 1930.

The first point urged by defendants is that the commission is expressly authorized by the act to terminate the award upon the death of the beneficiary, if there were no dependents of the deceased workman surviving. It is pointed out that, in order to obtain a review of the award of August 17, 1928, plaintiff invoked the provisions of section 42 of the act, providing for a review under changed conditions, and that such changed condition was that "dependent, Hortense Stern, died." That, under section 42 of the act, the commission may, at any time, on the ground of changed condition, review any award, except as regards money already paid, and make an award ending one already made. Defendants' position is that an award does not survive the death of the dependent beneficiary, while plaintiff contends to the contrary, as applied to the situation here presented.

Section 23 of the act (sec. 3321, R. S. 1929) is quoted, as follows:

"The compensation payable under this chapter, whether or not it has been awarded or is due, shall not be assignable, shall be exempt from attachment, garnishment and execution, shall not be subject to set-off or counterclaim or be in any way liable for any debt," etc.

It is argued that as awards are not assignable, under this section, they do not survive the death of the beneficiary, unless as expressly provided in the act. It is true, as pointed out, that except as provided in section 21, there is no provision relating to surviving dependents, within the compensation law expressly providing that an award survives the death of the beneficiary and passes to the estate. Section 21 (sec. 3319, R. S. 1929 (b)), provides:

"The employer shall also pay to the total dependents of the employe a single total death benefit, the amount of which shall be determined in the following manner to-wit: . . . The death benefit shall be payable in installments in the same manner that compensation is required to be paid under this chapter, but in no case less than at the rate of six dollars per week, nor more than twenty dollars per week. There shall, however, be deducted from such death benefit any compensation which may have been paid to the employe during his lifetime for the injury resulting in his death. If there be a total dependent or total dependents as the case may be,

no death benefit shall be payable to partial dependents, or any other persons except as provided in paragraph (a) of this section.''

Paragraph (a) provides for the payment of expenses of last sickness and burial, a question not in dispute here. Subsection (d) of section 21, defines the word dependent as meaning a relative by blood or marriage of a deceased employe who is actually dependent for support, in whole or in part, upon his wages at the time of the injury. And provides that the following persons shall be conclusively presumed to be totally dependent for support upon the deceased employe in the following order and any death benefit shall be payable in the following order, to-wit:

''1. A wife upon a husband legally liable for her support, and a husband mentally or physically incapacitated from wage earning upon a wife. *Provided* that on the death or remarriage of a widow, the death benefit shall cease unless there be other dependents entitled to any unpaid remainder of such death benefit under this chapter.

''2. A natural, posthumous, or adopted child or children, whether legitimate or illegitimate, under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the parent with whom he is living at the time of the death of such parent, there being no surviving dependent parent or stepparent. In case there is more than one child thus dependent, the death benefit shall be divided among them in such proportion as may be determined by the commission after considering their ages and other facts bearing on such dependency. In all other cases questions of total or partial dependency shall be determined in accordance with the facts at the time of the injury, and in such other cases, if there is more than one person wholly dependent the death benefit shall be divided equally among them.

''(e) All death benefits provided for in this chapter shall be paid in installments in the same manner as provided for disability compensation.''

The record discloses the employe was divorced from his wife who had remarried, to-wit, Ida Pfefer; that Hortense Stern was the only surviving dependent of the employe at the time of his death and was living with her mother who was appointed administratrix of her estate on the daughter's death. The agreed statement of facts shows death benefits were awarded the dependent daughter in the sum of $20 per week for 300 weeks, in addition to other allowances, as provided in the act, covering hospital bills, medical and burial expenses. The record further shows that Hortense Stern was killed in an automobile accident, on August 17, 1930, at which time not all of the award of 300 weeks at $20 per week had been paid. It is defendants' contention that such payments ceased on the death of Hortense Stern,

while plaintiff contends to the contrary. It is upon these. controverting views this appeal must be determined.

This is a death case and we hold section 21 of the act (sec. 3319, R. S. 1929) is controlling. As held by the St. Louis Court of Appeals in Sleyster v. Donzelot & Son, 25 S. W. (2d) 147, 149:

"Section 21 specifically provides that, in the event of death, either with or without disability, the compensation shall be as provided in this section, clearly indicating to our minds that the Legislature intended to exclude, in those cases in which compensation was payable, so far as the amount to be awarded is concerned, every other section of the statute except those specifically referred to in the section itself."

Defendants, however, insist that under Sections 42, 7 and 20, of the act, the commission has direct authority to abate the award as of the date of dependent's death. Under the ruling in the Sleyster case, supra, we rule this position unsound. Section 42 provides, if an award is made, on proper application, the same may be ended, diminished or increased. The purpose of such provision is that in the event an award is predicated on total disability, and subsequent events disclose the disability to be only partial, the commission is authorized to diminish the same. Or, if the award is made for partial disability and it develops the disability is total, the commission may increase the same; or if an award is made and it develops there is no disability, the commission is authorized to terminate the award.

The question here involved is whether, as a matter of law, under the statute we are considering, an award is abated not by any discretionary act of the commission, but by reason of the death of the dependent minor before she reaches the age of eighteen years. Numerous cases on this point are cited from foreign jurisdictions and the rulings of the courts therein are not in accord and even though they were found to agree, their findings would not be controlling here. In the case of Murray v. Marshall-Hughes Co., 34 S. W. (2d) 34. our Supreme Court seems to have determined this question against defendants' contention, wherein it is said a minor claimant is entitled to death benefit for the entire period and not merely for the period between the death of the employe and the eighteenth birthday of claimant. That case is not identical with this, but the rule applies as well where a claimant dies prior to the end of the payment period. It is beyond dispute that there was in this case an award *in toto* to the name dependent. While the act provides an award in behalf of the widow shall abate on her death or remarriage, there is no provision that an award shall abate on the death of a dependent. there being no other surviving dependents. This being so, we are not authorized to write into the act a provision that is not there. If the Legislature had intended the award should abate short of its total

payment on the death of the dependent, it would have been an easy task to have said so. Therefore, under section 21 of the act, we hold the award survives the death, or maturity, of a dependent child, and in the case of the death of the dependent, its personal representative may recover, as held in the Murray case, supra.

In the case at bar, a fixed amount is awarded to a definite person, as a matter of right, with no language in the act suggesting in any way an abatement of the award on the death of the person in whose behalf it is made, prior to payment of the same in full. Cited cases in foreign jurisdictions holding this view are State ex rel. v. Industrial Commission, 92 Ohio St. 434, (N. E.) 299, 304, wherein it is held:

"We hold that when the award is once made to a sole dependent, the right to the compensation vests, and once vested there can be no condition attached except as to the time of payment, and it is equally immaterial whether the dependent subsequently dies or becomes independent."

Smith v. Boiler Works, 104 Kans. 591, 593, 180 Pac. 259, in holding the right to compensation vested in the dependent and survived to the estate of the dependent, the court said:

"Death of the dependent after death of the workman was not added as a third disability, and consequently is not a bar to recovery of the full sum specified in subdivision 1."

Moore v. Lumbermen's Assn., 258 S. W. (Tex.) 1051, holds, in effect, that if, at the time of the employe's death, one of the class of persons designated by the act as dependent is in being, the non-liability of the employer is defeated and the right vests in the dependent and cannot be abated by any method not expressly provided for in the act. Of course, these decisions are not controlling on us, but the rulings therein are in perfect accord with the views of our Supreme Court expressed in the Murray case, supra.

Finally it is insisted that as section 23 of the act (3321, R. S. 1929) makes compensation award non-assignable, survivorship is defeated. We hold this position unsound for, to hold with defendants on this point would be to destroy the property rights of the party to whom compensation may be payable. No Missouri case is cited directly on this point and we find none. Claims for compensation are based upon the statute and are made non-assignable for the benefit of those entitled to compensation, and for their protection and in no sense for the benefit of the employer. It does not follow, therefore, from the fact that such claims may not be assigned, that the rights do not survive. In the case at bar, the award must be held to be in the nature of a judgment for liquidated damages, and the right to enforce payment survives. [Monson v. Battelle, 102 Kans. 208, 170 Pac. 801; Haugse v. Summers Bros. Mfg. Co., 254 Pac. (Ida.) 212; Gregg v. Coal Co., 31 S. W. (2d) (Tenn.) 693.] There is a leading

case holding the contrary view, to-wit, Ray v. Industrial Ins. Commission, 99 Wash. 176, 168 Pac. 1121. But the Washington act specifically prohibits the passing or assignment of compensation by act or operation of law. As already stated, the Missouri Workmen's Compensation Act does not expressly provide that the award to a dependent child shall abate the death of the child, and so the rule is different. ·

We find no error of record, and the judgment is affirmed. All concur.