FRANK HARDT, JR. v. CITY ICE & FUEL Co., Appellant.—102 S. W. (2d) 592.

Division Two, March 11, 1937.

722

*Moser, Marsalek & Dearing* for appellant.

*McCarthy, Morris, Smith & Sparrow* for respondent.

TIPTON, J.—The Circuit Court of the City of St. Louis entered a judgment in this cause whereby the findings and final award of the Missouri Workmen's Compensation Commission were in all things affirmed. On August 27, 1935, the Compensation Commission made a finding and an award that the respondent had suffered permanent total disability, and awarded him the sum of $20 per week for 300 weeks and thereafter $13.50 per week for life. In its findings of fact the commission stated: "Amount of compensation payable: 300 weeks at $20.00 per week—$6,000.00. Thereafter for life at $13.50 per week—Unknown. Total, Unknown."

█ Have we jurisdiction of this cause? The question has not been raised by either party, but it is our duty to determine in each case whether we have jurisdiction of an appeal, although our jurisdiction has not been challenged. [Hohlstein v. St. Louis Roofing Co., 328 Mo. 899, 42 S. W. (2d) 573.] █ "Our appellate jurisdiction is not a general one, but one specifically limited by the Constitution. We have held, therefore, that our jurisdiction to determine an appeal must in every instance affirmatively appear from the record of the trial court. [Vordick v. Vordick, 281 Mo. 279, 219 S. W. 591.] Consequently such jurisdiction must so appear *at the time the appeal is taken;* nothing that subsequently occurs may be invoked either to confer

jurisdiction or to show that the appeal was one falling within our jurisdiction. [McGregory v. Gaskill, 317 Mo. 122, 296 S. W. 123.]" [Stuart v. Stuart, 320 Mo. 486, 8 S. W. (2d) 613.]

If we have jurisdiction of this cause, it is because the amount in dispute, exclusive of costs, exceeds $7500. The award in this case was $20 per week for 300 weeks, or a total of $6000, and $13.50 per week thereafter for life. Can it be said with certainty that the respondent will live 300 weeks and then long enough thereafter so that he will receive a sum in excess of $7500? We think not. Our jurisdiction attaches when, and only when, the record of the trial court affirmatively shows that there is involved in the controversy, independent of all contingencies, an amount exceeding $7500, exclusive of costs. [Umlauf v. Umlauf, 103 Ill. 651; Stuart v. Stuart, supra.] Tested by this rule, we cannot say that, independent of all contingencies, the amount in dispute is more than $6000.

In the case of Platies v. Theodorow Baking Co., 334 Mo. 508, 66 S. W. (2d) 147, the award was for temporary total disability in the sum of $20 per week for 397 weeks, which amounted to $7940. We held in that case that we did not have jurisdiction because the judgment was contingent upon the continuance of the disability. Not knowing how long the disability would continue, the amount in dispute might or might not exceed $7500. A mere chance that the amount in dispute might exceed $7500 did not give this court jurisdiction. So in the case at bar, the award for the permanent total disability was for 300 weeks at $20 per week, or a total, at most, of only $6000. It is true that the respondent may live long enough that he may receive a sum in excess of $7500 but we cannot say with certainty that the amount in dispute at the date of judgment was in excess of $7500.

It may be argued that the commutable value of this award, rather than the sum total of the installments, was the real amount in dispute at the time the judgment was rendered. In the case of Shroyer v. Missouri Livestock Commission Co., 332 Mo. 1219, 61 S. W. (2d) 713, we held that neither the employer nor the employee had a right to settle the award for compensation upon the basis of its commutable value, and that right could only be obtained by authorization of the commission. That neither party had made application to the commission for an order commuting the compensation allowed, nor had the commission made such an order, and, therefore, the commutable value of the judgment is not determinative of appellate jurisdiction in that case. What we said to the contrary on this point in the cases of Burgstrand v. Crowe Coal Co., 333 Mo. 43, 62 S. W. (2d) 406; Schoenherr v. Stoughton, 336 Mo. 290, 78 S. W. (2d) 84; Maddux v. Kansas City Public Service Company, 100 S. W. (2d) 535, is hereby overruled.

724

There has been no order of the commission determining the commutable value of the award in the case at bar.

It thus appears that we are without appellate jurisdiction, and the cause is transferred to the St. Louis Court of Appeals.

All concur.