In the Matter of the Claim of MICHAEL MCGRINDER, Appellant, against JOHN F. SULLIVAN, Employer and the ÆTNA INSURANCE Co., Insurance Carrier, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 23, 1942.

*William Doblin*, for the appellant.

*Frank L. Ward*, for the respondents employer and insurance carrier.

*John J. Bennett, Jr., Attorney-General*, for the respondent State Industrial Board.

HEFFERNAN, J.  Claimant has appealed from a decision of the State Industrial Board denying his claim for compensation.

On October 7, 1940, he was working as a bartender for his employer in a bar and grill conducted by the latter at One Hundred and Twenty-first street and Lexington avenue in the city of New York.  His hours of employment were from five o'clock P. M. to four o'clock A. M.  Shortly before the closing hour an intoxicated customer entered the barroom, became abusive and disorderly with the result that claimant ejected him from the premises. During the altercation the fractious patron threatened claimant and upon being evicted said: " I will see you again."

After the closing hour claimant walked to One Hundred and Twenty-fifth street and Lexington avenue for the purpose of procuring transportation to his home and while waiting for a conveyance was assaulted by the individual who had made himself obnoxious in the barroom.

In denying him compensation the Industrial Board held that at the time of receiving his injuries claimant was not in the course of his employment.

On this appeal respondents concede that claimant's injuries arose out of his employment but assert that they were not sustained in the course of the employment.

The words " arising out of and in the course of the employment " as used in the Workmen's Compensation Law should be given a broad and liberal interpretation.  The quoted phrase has been a prolific source of litigation and has given rise to countless judicial decisions turning upon nice distinctions and supported by refinements so subtle as to bewilder the reader.  It is practically impossible to define a fixed boundary dividing the cases which are within the statute from those that are without.  Precedents are of little value for the facts are almost always distinguishable and reasoning by analogy is dangerous.  Of necessity each case must stand alone.

To warrant an award under the statute the injury need not have been anticipated if, after it happened, it can be seen that it occurred because of the employment.  While there must be some causal relation between the employment and the injury it is not imperative that the injury be one which ought to have been foreseen or expected. It is sufficient to justify an award if after the event it can be seen that it had its origin in the nature of the employment.

In the case before us it cannot be doubted that the assault upon claimant had its origin in a risk connected with the employment and flowed from that source as a rational consequence.  The nature of claimant's duties subjected him to unusual risks.  He was in daily contact with many persons who, due to excessive

indulgence in alcoholic stimulants, were likely to become troublesome. As was said in *Matter of Field* v. *Charmette Knitted Fabric Company* (245 N. Y. 139), where an award was upheld, the quarrel outside of the mill was merely a continuation or extension of the quarrel begun within. In that case the deceased employee, a superintendent of a mill, had left his place of employment and was assaulted on the public highway three or four feet away from his employer's premises by a workman whom he discharged a few minutes before and with whom he had quarrelled inside the mill.

Respondents attempt to distinguish that case on the theory that the assault there occurred but four feet from the employer's premises while in our case the assault took place four blocks away. Such a distinction, we think, is both illogical and unsound. It is purely arbitrary and cannot form the basis of a sound judicial determination. Mere distance alone from the place where the quarrel originated is not the determining factor.

Here we have a situation where claimant justifiably expelled a turbulent patron from his employer's barroom. The latter left with a threat of revenge. Nursing his wrath at the indignity to which he conceived himself to have been subjected he lay in wait for his victim and within sight of the scene of the prior altercation he perpetrated a vicious assault upon him. Under those circumstances we think it must be said that claimant was then in the course of his employment.

The respondents press upon our attention to sustain the decision under review the cases of *Matter of Lampert* v. *Siemons* (235 N. Y. 311; *Matter of Douglas* v. *Kenn-Well Contracting Company* (249 id. 609) and *Matter of Bonnafoux* v. *Downtown Athletic Club* (268 id. 657).

These cases are not determinative of the issue before us. In the *Douglas* case a watchman on a building at the conclusion of his day's work, while on his way home, was attacked and injured by two workmen who had been discharged on his report.

In the *Lampert* and *Bonnafoux* cases the employees at points far removed from their places of employment were assaulted by strikers, a strike being in progress at the place where each was employed.

In each of these three cases liability for compensation was denied on the ground that the injuries were not received in the course of the respective employments.

These cases are entirely different from the *Field* case and from the case before us. In none of the cited cases was there a continuation of a prior quarrel between the claimants and their assailants. In one of the cases the employee had not entered upon the duties of the day; in the other two, the hours of labor had ceased.

The decision appealed from should be reversed on the law and facts, with costs to appellant against the State Industrial Board and the matter remitted to that tribunal for further consideration in the light of our views.

HILL, P. J., SCHENCK and FOSTER, JJ., concur; CRAPSER, J., dissents and votes to affirm.

Decision reversed on the law and facts, with costs to appellant against the State Industrial Board, and matter remitted to the State Industrial Board for further consideration.