246 S.W.2d 797 (1952)
GILLESPIE
v.
AMERICAN BUS LINES.
No. 42502.
Supreme Court of Missouri, Division No. 1.
March 10, 1952.
*798 John A. Tucker, Savannah, Louis Kranitz, Kranitz and Kranitz and Theodore M. Kranitz, St. Joseph, for appellant.
Charles D. Wilson, Leo T. Schwartz and John A. McGuire, all of Kansas City, for respondents.
LOZIER, Commissioner.
This is a workmen's compensation case arising out of accidental injuries sustained by appellant-employee (herein called claimant) in the course of his employment. Claimant was a bus driver for the employer-defendant-respondent (herein called defendant). On July 23, 1948, while transferring express packages to his bus, claimant fell from a loading cart and sustained injuries. Other facts will be stated later.
Claimant appeals from a judgment affirming a "no compensation" award made by the industrial commission (herein called the commission). The award was based upon these findings: That claimant's claim was not filed within one year from the date the alleged compensable injury became reasonably apparent, or within one year from the date of the last medical treatment on account of the alleged injury; that no compensation had been paid; and that the claim was barred under RSMo 1949, Sec. 287.430, V.A.M.S.
(We hereinafter refer to the Workmen's Compensation Law, RSMo 1949, Chap. 287, V.A.M.S., as the Act. Unless otherwise indicated, all statutory references are to both RSMo 1949 and V.A.M.S., and all italics are ours.)
Defendant has challenged our jurisdiction and has filed a motion for a transfer to the Kansas City Court of Appeals upon the ground that the amount in dispute, exclusive of costs, does not exceed $7500. Sec. 3, Art. V, 1945 Const., V.A.M.S. The parties agree that the record must affirmatively show that the amount in dispute exceeds $7500. Trokey v. United States Cartridge Co., Mo.Sup., 214 S.W.2d 526; Hardt v. City Ice & Fuel Co., 340 Mo. 721, 102 S.W.2d 592.
In his printed suggestions in opposition to defendant's motion to transfer, claimant asserts: It was admitted that claimant's rate of compensation was $25 a week; for permanent total disability, plaintiff would be at least entitled to $25 X 300, or $7500, plus interest, under Secs. 287.200(1) and 287.160(2).
We can assume without deciding that if claimant sustained a permanent total disability he would be entitled to an award of $25 a week for 300 weeks and, thereafter for life, 25% of his average earnings. Sec. 287.200(1). See Hardt v. City Ice & *799 Fuel Co., 340 Mo. 721, 102 S.W.2d 592. The record does affirmatively show that claimant claimed that his injuries were permanent. However, the record does not affirmatively show that plaintiff claimed to have been totally disabled. Nor does it affirmatively show either that his injuries are conclusively presumed to be permanent and total under Sec. 287.200(2) or that he sustained a "total disability" within the meaning of Sec. 287.020(7) (inability to return to "any employment" or employment other than that in which he was engaged at the time of the accident).
But, first, what is the "record" in the instant case upon which we must determine the amount in dispute? Its pertinent portions are: (1) A "Claim For Compensation" (for purposes of distinguishing this document from claimant's workmen's compensation claim generally, we refer to this as the "Claim"); (2) defendant's "Answer To Claim For Compensation" (herein called the "Answer"); (3) the transcript of the proceedings before the referee; (4) the (identical) findings and awards of the referee and the commission; (5) claimant's "Application for Review" by the commission (herein called the "Application"); and (6) the "Opinion and Judgment" of the circuit court (herein called the "Judgement").
"Absent some other determinative factor, the prayer of the petition in actions wherein monetary relief is sought ordinarily is resorted to for a determination of the amount in dispute. [Citing cases.] But this aid for determining appellate jurisdiction is subject to a more basic principle, viz.: We reserve unto ourselves the right to pierce pleadings, proofs, records and judgments sufficiently far to determine that our proper jurisdiction is not infringed upon or improper jurisdiction is not foisted upon us by acts of commission or omission, whether by design or inadvertence, affecting the real amount in dispute [citing cases]." Higgins v. Smith, 346 Mo. 1044, 144 S.W.2d 149, 152.
The "Claim" is upon a form furnished by the commission under Secs. 287.400 and 287.630. Among the recitals of the "Claim" are: "Claim is hereby made as follows for compensation as provided" in the Act for personal injury by accident arising out of and in the course of employment. "Weeks of temporary disability to date 15. Weeks of probable future temporary disabilitypermanent. Exact nature of any permanent injury(1) Slight changes in disc space between the 5th and 6th cervical vertebrae. (2) Possible facet injury lumbrosacral spine. (3) Internal derangement right knee, probable injury to medial meniscus. (4) Epicondylitis right elbow. These are ex-ray findings. * * Even though claimant suffered slight pain after a long trip as he continued in his employment, until April 14, 1949, at no time was he prevented, even periodically, from working until about the month of March, 1949. During the months of April, May and June, 1949, he suffered considerably and was unable to hold a steady job. * * Total value compensation claimed$33,589.76."
The "Answer" denies generally the allegations of the "Claim" and alleges that the claim is barred by limitations. In his "Application," claimant did not claim total disability. He stated: "Claimant does not disagree with the facts as found by the referee. This application for review is based upon claimant's contention that the claim is not barred by the statute of limitations but that the statute of limitations did not begin to run until claimant could reasonably ascertain that he had sustained a compensable injury." (And in an amended "Application," claimant did not claim total disability. He stated that his purpose in filing the amended application was to renew his contention regarding the time within which his "compensable injury" was or reasonably could have been ascertained.) Claimant referred to defendant-company's "periodical physical examination" in May, 1949, and stated that Dr. McKee "found that the accident had not impaired his ability to work at that time * * *; that he definitely did not suffer from this injury until he began missing work because of his inability to perform his duties as a bus driver because of his back and neck."
The "Judgment" contains this recital: "The appellant says he has done no work *800 since April, 1949." This is not a claim of inability to return to "any employment." Smith v. National Lead Co., Mo.App., 228 S.W.2d 407.
At this point, we should consider all of the foregoing record items except the transcript of the evidence at the hearing, and point out why it is necessary to examine the transcript in order to determine our jurisdiction. As the "Judgment" affirmed the "no award" findings and decisions of the commission, it was not one for money in any amount. Neither the "Judgment," the "Answer" nor the "Application" contained either a reference to an amount of money, to permanent total disability or to claimant's inability to return to "any employment."
The employee's "Claim" in a workmen's compensation proceeding is not equivalent to the petition in an ordinary civil action. However, upon a momentary assumption that the two are equivalent, we observe that, as to the instant "Claim"; While claiming permanent disability, it does not claim total disability; the injuries recited are not among those conclusively presumed to be permanent and total under Sec. 287.200(2); there is no claim of inability to return to "any employment" under Sec. 287.020(7); and the "total value compensation claimed" is $33,589.76.
The $33,589.76, "total value compensation claimed," is not the "amount in dispute." Obviously, this figure has no relation to any amount recoverable under the Act. No basis for a claim in such an amount is found in either the other recitals of the "Claim" or in the provisions of the Act as construed by this court. See Hardt v. City Ice & Fuel Co., 340 Mo. 721, 102 S.W.2d 592. An allegation of such an amount as would confer jurisdiction is not controlling. Wagner v. Mederacke, 354 Mo. 977, 192 S.W.2d 865, 866; Vanderberg v. Kansas City, Missouri, Gas Company, 199 Mo. 455, 97 S.W. 908. See also Bell v. Wagner, Mo.Sup., 169 S.W.2d 374; Rice v. Rice, Mo.Sup., 195 S.W.2d 515; Simmons v. Friday, 359 Mo. 812, 224 S.W. 2d 90; Kimmie v. Terminal R. R. Ass'n of St. Louis, 344 Mo. 412, 126 S.W.2d 1197.
However, we should not and do not place our ruling upon such a narrow base. The provisions of the civil code are not applicable to the instant proceedings. Compare the Act generally with Title XXXV and, particularly, Chap. 509 (Pleadings). No "pleadings" are required under the Act. Workmen's compensation proceedings are initiated by the filing of a notice of accident. A "Claim" need be filed only in case of a dispute; and the commission must assist the claimant in filing his "Claim"; it need not be signed by an attorney nor state facts sufficient to state a claim for relief or the definite amount of money claimed. The original jurisdiction of the commission exists irrespective of the amount of the claim and is not dependent upon a claimant's statements in a "Claim." Nor is the amount claimed in a "Claim" conclusive upon either a claimant or the commission. Considering the purposes of the Act, and the legislative directions as to liberal construction of all of its provisions (see, especially, Secs. 287.550 and 287.800), we are unable to attach to the "Claim" in the instant case the significance of a petition in the ordinary civil action.
So, in the instant case, we have examined the transcript of the evidence to ascertain if, from the record evidence, claimant was claiming total disability. And we find that: claimant himself did not testify that he was totally disabled or that he was unable to perform or secure work not involving driving a bus or lifting packages; there was no other evidence even suggesting, or from which it could be inferred, that claimant was claiming total disabilitythere was no evidence as to claimant's inability to return to "any employment," and the evidence (all of it medical other than claimant's testimony) affirmatively showed that claimant's injuries were not (conclusively-presumed-to-be) total.
We do not say that claimant is not permanently and totally disabled. He may be. But the instant record does not affirmatively show that he claimed to be totally disabled. In his original brief here, he did not assert that his claim was one for total *801 disability; he only said that it was one for a "compensable injury." Thus, until he filed his suggestions in opposition to defendant's motion, claimant never claimed total disability. Accordingly, we must rule that the amount in dispute is not in excess of $7500 and that this court is without jurisdiction.
The cause is transferred to the Kansas City Court of Appeals.
VAN OSDOL and COIL, C., concur.
PER CURIAM.
The foregoing opinion by LOZIER, C., is adopted as the opinion of the court.
All concur.