Margaret SCANNELL, Employee, Respondent,

v.

FULTON IRON WORKS COMPANY, Employer, Appellant.

No. 29074.

St. Louis Court of Appeals.

Missouri.

June 14, 1955.

Not to be reported in State Reports.

Renderer, Nolde & Kleinschmidt, St. Louis, for appellant.

Bartley & Bartley, St. Louis, for respondent.

NOAH WEINSTEIN, Special Judge.

On September 14, 1950, the Industrial Commission found that James M. Scannell, Employee, became permanently and totally disabled as the result of an occupational disease, fibrosis, which arose out of the course of his employment with the Fulton Iron Works and awarded James M. Scannell compensation of $25 per week for 300 weeks, and thereafter $14.98 per week for life, and medical aid in the amount of $309. This award was appealed by Fulton Iron Works Company, Employer (Appellant here), to the Circuit Court of the City of St. Louis. While this appeal was pending in the Circuit Court and on May 9, 1951, the Employee died. Upon the suggestion of the death of the Employee and application made for the substitution of Margaret Scannell (Respondent here) as party claimant, the cause was remanded, upon motion of the Employer, by the Circuit Court to the Industrial Commission to determine the right of Margaret Scannell to be substituted. On February 27, 1952, the Industrial Commission found that James M. Scannell died on May 9, 1951, and left surviving him as his sole and total dependent Margaret Scannell, his widow, and entered its order substituting Margaret Scannell as claimant.

On March 31, 1953, upon the filing of a certified copy of the order of the Industrial Commission of February 27, 1952, substituting Margaret Scannell, widow of James M. Scannell, Employee, deceased, and a certified copy of final award of the Industrial Commission dated September 14, 1950, in the Circuit Court of the City of St. Louis, the cause was assigned to Division One thereof, and on said same day a judgment was entered by said Circuit Court on said award and order in favor of Margaret Scannell and against Fulton Iron Works "for medical aid in the sum of $309, and for permanent total disability in the sum of $25 per week for 300 weeks, plus interest and costs."

Thereafter on April 20, 1953, the Employer filed its "Motion to Set Aside Judgment". This motion asks the Circuit Court to vacate and set aside "its judgment heretofore entered in the Court of the 1st day of April, 1952" and to remand "this cause to the Industrial Commission of Missouri for the purpose of sending

the cause to the proper court as this court never had appellate jurisdiction in this cause". The reason for said motion, as stated therein, was that the Employer, Fulton Iron Works Company, was located in St. Louis County, that the disability must have occurred in St. Louis County, and that, accordingly, the Circuit Court of St. Louis County had appellate jurisdiction to the exclusion of the Circuit Court of the City of St. Louis.

It must be noted that we find no reference in the transcript of the Record filed in this cause to a judgment entered on April 1, 1952, except in this "Motion to Set Aside Judgment". We do note the order of the Circuit Court dated March 31, 1953, affirming the award of the Industrial Commission (as set out in the transcript of the Record), which is described in the minutes of the proceedings in the Circuit Court (a part of the transcript of the Record), as a judgment of April 1, 1953—but no reference to any judgment of April 1, 1952. Apparently the Circuit Court assumed that the "Motion to Set Aside Judgment" was directed to its judgment entered on March 31, 1953.

In any event, on March 12, 1954, it appears that the Motion to Set Aside Judgment was heard, submitted and thereafter on April 9, 1954, denied. On April 14, 1954, Employer filed its notice of appeal to this court from the judgment entered on April 9, 1954, denying its motion to set aside judgment.

Respondent has moved to dismiss this appeal for the reason that the amount involved is in excess of the jurisdiction of this court.

Although this appeal is directly concerned with the order of the Circuit Court denying Employer's "Motion to Set Aside Judgment", we must consider the nature of the judgment which Employer sought to set aside in its motion in order to determine the jurisdiction of this court on appeal. That judgment of the Circuit Court was in favor of respondent "for medical aid in the sum of $309 and for permanent total disability in the sum of $25 per week for three hundred weeks, plus interest and costs". If this means that respondent has an indefeasible claim for 300 weeks at $25 per week ($7,500), plus $309, (total $7,809), then obviously the amount involved exceeds the jurisdiction of this court. Article 5, Sections 3 and 13, Constitution of 1945, V.A.M.S., and Section 477.040 RSMo 1949, V.A.M.S.

In Platies v. Theodorow Bakery Co., 334 Mo. 508, 66 S.W.2d 147, the Supreme Court, En Banc, considered the following judgment of a Circuit Court in a Workmen's Compensation case:

> " 'Wherefore, it is ordered, adjudged and decreed that the employee do have and recover of the employer and insurer, as provided in the Workmen's Compensation Act, for temporary total disability the sum of $20.00 per week for not more than 397 weeks during the continuance of such disability, payable every two weeks commencing July 29, 1929, together with his costs, and that execution issue therefor.' "

The Supreme Court construed this judgment as one for "$20 per week during the continuance of the disability. The only figure the 397 weeks cut is to place a limit beyond which the weekly payments may not go. The judgment is not that the weekly payments shall continue for 397 weeks or for any specified number of weeks, but during the continuance of the disability, which of course is problematical. The judgment follows the statute. The statute does not authorize a judgment for any definite number of weeks or for any definite amount. The governing statute, section 3313, RSMo 1929 (Mo.St.Ann. § 3313, p. 8249) [Section 287.170 RSMo 1949, V.A.M.S.], reads as follows: 'For temporary total disability the employer shall pay compensation for not more than four hundred weeks during the continuance of such disability, but not less than six dollars nor more than twenty dollars a week, with full wages if the average earn-

ings amount to less than six dollars a week.'" loc. cit. at pages 147–148. Accordingly, since plaintiff's right to collect $20 per week under the judgment of the Circuit Court was contingent upon the continuance of the disability and not knowing how long the disability would continue, the amount in dispute may or may not exceed $7,500, and a mere chance that the amount in dispute may exceed $7,500 does not give the Supreme Court jurisdiction.

■ In Hardt v. City Ice & Fuel Co., 340 Mo. 721, 102 S.W.2d 592, 593, the Supreme Court considered a circuit court judgment which affirmed the final award of the Workmen's Compensation Commission. The Commission made a finding that the Employee had suffered permanent total disability and awarded him $20 per week for 300 weeks and thereafter $13.50 per week for life. In its findings of fact the Commission stated: "'Amount of compensation payable: 300 weeks at $20 per week—$6,000. Thereafter for life at $13.50 per week—Unknown. Total, Unknown.'" The Supreme Court had this to say concerning its jurisdiction:

> "If we have jurisdiction of this cause, it is because the amount in dispute, exclusive of costs, exceeds $7,500. The award in this case was $20 per week for 300 weeks, or a total of $6,000 and $13.50 per week thereafter for life. Can it be said with certainty that the respondent will live 300 weeks and then long enough thereafter so that he will receive a sum in excess of $7,500? We think not. Our jurisdiction attaches when, and only when, the record of the trial court affirmatively shows that there is involved in the controversy, independent of all contingencies, an amount exceeding $7,500, exclusive of costs. * * * Tested by this rule, we cannot say that, independent of all contingencies, the amount in dispute is more than $6,000." loc. cit. at page 593.

We think that it is significant that the Supreme Court in the Hardt case, supra, apparently considered the amount in dispute, "independent of all contingencies," to be not more than 300 weeks at $20 per week or $6,000—the balance of the judgment, to-wit, $13.50 per week "thereafter for life" being contingent on the employee living beyond the 300-week period. In the case now before us we have a circuit court judgment limited to medical aid of $309 and permanent total disability in the sum of $25 per week for 300 weeks, plus interest. Thus, if we apply the reasoning of the Supreme Court in the Hardt case, supra, the judgment below is for 300 weeks at $25 per week or $7,500 plus $309 or $7,809 (exclusive of interest)—with no portion thereof continuing beyond the 300 weeks "for life". Such award is final, unless appealed, or when, upon appeal, it is affirmed, as to all matters adjudicated thereby, and the issues covered by the award may not thereafter be relitigated between the parties in a proceeding under Sec. 287.470 RSMo 1949, V.A.M.S., which latter proceeding is confined to a review of an award upon the ground of a change in condition since the original award was made. Sec. 287.490 RSMo 1949, V.A.M.S. Winschel v. Stix, Baer & Fuller Dry Goods Co., Mo.App., 77 S.W.2d 488, 490; Brammer v. Binkley Mining Co. of Mo., Mo.App., 244 S.W.2d 584.

It should also be noted that the statutory provisions relating to the amount to be paid for temporary total disability, Sec. 287.170, and temporary partial disability, Sec. 287.180, each contain the express limitation that compensation shall be paid "for not more than four hundred weeks during the continuance of such disability", Sec. 287.170, or "compensation shall be paid during such disability but not for more than one hundred weeks", Sec. 287.-180—in each instance the termination of the disability prior to the expiration of the stated period of weeks also terminates the obligation of the employer to pay compensation. It is therefore impossible to assume that awards, based on temporary total or temporary partial disability, even though they may be final in their nature, are for any definite or fixed amount since

each award is expressly conditioned upon the continuance of the disability.

However, the statutory provisions relating to permanent partial and permanent total disability, Sec. 287.190 and Sec. 287.200, have no such limitation of duration incorporated in their provisions, and even though it is possible under Sec. 287.470 for the Industrial Commission to "make an award ending, diminishing or increasing the compensation previously awarded" this is in effect a different award and in no way vitiates the finality of the first award. Winschel v. Stix, Baer & Fuller, etc., supra; Brammer v. Binkley Mining Co., etc., supra.

 It follows that the amount here involved is more than $7,500, which is in excess of our jurisdiction.

It is, therefore, ordered by the court that the cause be and is hereby transferred to the Supreme Court.

RUDDY, J., concurs.