MARGARET SCANNELL, Respondent, v. FULTON IRON WORKS COMPANY, INC., Appellant, No. 45094—289 S. W. (2d) 122.

Division Two, April 17, 1956.

890

*Renderer, Nolde & Kleinschmidt* for appellant.

*Bartley and Bartley* for respondent.

[123] BOHLING, C.—This appeal involves an award of the Industrial Commission of Missouri under the Workmen's Compensation law. Ch. 287—statutory references, unless otherwise. indicated, are to RSMo 1949, VAMS. The case was transferred to this court by the St. Louis Court of Appeals on the ground "the amount in dispute" exceeded $7,500. Mo. Const., Art. V, §§ 3, 13; § 477.040. We outline the facts stated by the Court of Appeals (280 S. W. 2d 484):

James M. Scannell, an employee of the Fulton Iron Works Company, Inc., appellant here, upon a finding that he sustained a permanent total disability by reason of an occupational disease arising out of and in the course of said employment, was awarded medical aid of $309, and compensation "$25.00 per week for 300 weeks, and thereafter $14.98 for life . . . Total Unknown." The award further stated: "Said payments to begin as of February 14, 1949, and to be payable and be subject to modification and review as provided by said law." James M. Scannell died May 9, 1951, we understand, from a cause not connected with the occupational disease.

(It is stated in the employer's brief that the above award was appealed by the employer to the Circuit Court of the City of St. Louis. The employee died while the appeal was pending in the circuit court. Upon the suggestion of the death of the employee and application for substitution of Margaret Scannell (respondent) as party claimant, the cause, upon motion of the employer, was remanded to the Industrial Commission to determine the right of Margaret Scannell to be substituted. We do not find these facts established in the record before us, and statements in the briefs to that effect do not establish facts for jurisdictional purposes).

On February 27, 1952, the Industrial Commission found that Margaret Scannell was the sole and total dependent, the widow, of James M. Scannell, and entered its order substituting Margaret Scannell as claimant. No appeal was taken from said order.

Proceeding under § 287.500, Margaret Scannell filed in the Circuit Court of the City of St. Louis certified copies of the order of the Industrial Commission of February 27, 1952, and the final award of the Commission. On March 31, 1953, or April 1, 1953 (there appears to be some confusion with respect to dates in the record), judgment was entered on said award and order in favor of Margaret Scannell and against the employer for medical aid in the sum of $309, and for permanent total disability in the sum of $25 per week for 300 weeks, plus interest and costs.

The employer, on or about April 20, 1953, filed its "Motion to Set Aside Judgment" on the alleged ground that the employer was located in St. Louis County; that the disability must have occurred in St. Louis County, and that the Circuit Court of St. Louis County had jurisdiction to the exclusion of the Circuit Court of the City of St. Louis. This motion was heard and, after consideration on submission, was denied on April 9, 1954. The employer appealed from the judgment denying its "Motion to Set Aside Judgment."

The statutory provisions relating to compensation for temporary total disability (§ 287.170; 2 Laws 1947, p. 440, § 3703) and temporary partial disability (§ 287.180; 2 Laws 1947, p. 440, § 3704) carry express limitations that the compensation shall be paid "for not more than four hundred weeks during the continuance of such disability" (§ 287.170) or "compensation shall be paid during such disability but not for more than one hundred weeks" (§ 287.180).

The statutory provisions relating to compensation for permanent partial disability (§ 287.190; 2 Laws 1947, p. 440, § 3705) and permanent total disability (§ 287.200; 2 Laws 1947, p. 442, § 3706) provide for compensation based on a percentage of the employee's average annual earnings, but not less than $8 nor more than $25 per week for the number of weeks therein authorized, not, however, to exceed 400 weeks (§ 287.190), or, based as above, "during three hundred weeks *," and "thereafter * * for life, but not less than eight dollars nor [124] more than eighteen dollars per week" (§ 287.200). The Commission, under the stated conditions in § 287.-470, may "review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded."

The Court of Appeals reviewed Platies v. Theodorow Bakery Co., 334 Mo. 508, 66 S. W. 2d 147, 148, and Hardt v. City Ice & F. Co., 340 Mo. 721, 102 S. W. 2d 592, 593, and reasoned, as we read the opinion, that since under §§ 287.170 and 287.180 the termination of the disability prior to the expiration of the stated period of weeks also terminated the employer's obligation, such awards, although final in nature, were to be considered not for any definite or fixed amount, the statutes conditioning payment upon the continuance of disability; whereas like limitations of duration were not incorporated in the

statutes covering awards for permanent partial (§ 287.190) or permanent total (§ 287.200) disability, and awards under §§ 287.190 and 287.200 constituted an indefeasible claim. Hence, the instant claim of $25 for 300 weeks, plus $309 medical aid, or $7,809, vested appellate jurisdiction in this court.

Section 287.230(1) provides that the death of the injured employee shall not affect the liability of the employer for compensation "so far as such liability has accrued and become payable at the time of the death," and that such compensation shall be paid to his dependents without administration, or other persons entitled thereto, "but such death shall be deemed to be the termination of the disability."

And paragraph 2 thereof, involved here, provides: "Where an employee is entitled to compensation under this chapter for an injury received and death ensues for any cause not resulting from the injury for which he was entitled to compensation, payments of the unpaid unaccrued balance for such injury shall cease and all liability therefor shall terminate unless there be surviving dependents at the time of such death." In Nations v. Barr, Mo. App., 43 S. W. 2d 858, 861[3], and Henderson v. National Bearing Division, Mo. App., 267 S. W. 2d 349, 351[3], it was considered and ruled that under § 287.-230(2), "the right of the employee to compensation for disability, accrued and unaccrued, survives to his dependents," but that such right dies with the employee if he has no dependent.

We think the applicable law is well stated in Ewing v. Kansas City, 350 Mo. 1071, 169 S. W. 2d 897, 900[3-5]: " 'Whenever necessary to preserve the constitutional integrity of this court, we have reserved to ourselves the right to pierce the shell of the pleadings, proofs, record, and judgment sufficiently far to determine that our proper jurisdiction is not infringed upon, or improper jurisdiction is not foisted upon us by design, inadvertence, or mere colorable, and not real, amounts.' * * [Citing authority.] In other words, our jurisdiction depends upon live issues being presented on matters within our jurisdiction. Our jurisdiction is to be determined 'from the issues really existing in the cause and not from sham or colorable issues as to the amount in dispute,' or as to a constitutional question. * * [Citing authority.]" See cases there cited; Jackson v. Merz, 358 Mo. 1212, 219 S. W. 2d 320, 321[1, 2]; Heuer v. Ulmer, Mo., 273 S. W. 2d 169, 170; Gillespie v. American Bus Lines, Mo., 246 S. W. 2d 797; Kansas City v. National Eng. & Mfg. Co., Mo., 265 S. W. 2d 384, 385[2]; Emerson v. Treadway, Mo. App., 270 S. W. 2d 614, 616[1].

An unappealed final award of the Industrial Commission under the Workmen's Compensation law, whether right or wrong upon a fact issue within the jurisdiction of the Commission, is an adjudication of the rights of the parties and as effective and impregnable to collateral attack as a judgment of a court. § 287.490; State ex rel.

Brewen-Clark S. Co. v. Missouri Workmen's Comp. Comm., 320 Mo. 893, 8 S. W. 2d 897, 900[8]; Wors v. Tarlton, 234 Mo. App. 1173, 95 S. W. 2d 1199, 1204[1-3], certiorari quashed, 343 Mo. 945, 124 S. W. 2d 1072; Row v. Cape Girardeau Foundry Co., Mo. App., 141 S. W. 2d 113, 115[1]; Brashear v. Brand-Dunwoody Milling Co., Mo. App., 21 S. W. 2d 191, 193[3].

[125] The instant proceeding is under § 287.500 for a judgment to enforce an unappealed award of the Industrial Commission. It is not an appeal under § 287.490 involving the merits of the award. The sole issue presented in appellant's "Motion to Set Aside Judgment" was that the Circuit Court of the City of St. Louis was without jurisdiction. Under the award compensation payments were to begin as of February 14, 1949. Up to the time of the judgment March 31, 1953, or April 1, 1953, the $309 for medical aid and the $25 weekly compensation for approximately 215 weeks, $5,375, total $5,684, had not been paid. Said amount, together with interest, is not sufficient to vest appellate jurisdiction here. There was no appeal from the order of the Commission substituting Margaret Scannell as claimant, and no issue of real substance exists with respect to her rights to the unpaid accrued weekly payments upon this review. Eliminating said amount, $5,684, any balance remaining is insufficient to vest appellate jurisdiction here.

We are not in accord with the reasoning of the Court of Appeals for the vesting of appellate jurisdiction here.

The instant case does not involve a death benefit under § 287.240(2) (2 Laws 1947, p. 442, § 3709), which provides for "a single total death benefit." We have appellate jurisdiction in death benefit cases where the death benefit awarded exceeds $7,500 because the statute authorizes the recovery of a single total death benefit, although the award is payable in installments. Shroyer v. Missouri Livestock Comm. Co., 332 Mo. 1219, 61 S. W. 2d 713, 716; Platies v. Theodorow Bakery Co., 334 Mo. 508, 66 S. W. 2d 147, 148.

Section 287.200 does not provide (as does § 287.240(2)) for a single permanent total disability benefit, but provides for 300 weekly payments of a specified amount and additional payments for life. Hohlstein v. St. Louis Roofing Co., 328 Mo. 899, 42 S. W. 2d 573, 576; Platies v. Theodorow Bakery Co., supra.

Under § 287.230(1) the death of the injured employee is deemed to be the termination of the disability, and Nations v. Barr, and Henderson v. National Bearing Division, supra, hold that if death is not the result of the compensable injury the surviving dependents, if any, succeed to the employee's rights under § 287.230(2). Margaret Scannell, respondent, the widow of the employee, was his sole and total dependent. Her rights, had her husband's occupational disease caused his death, would cease upon her death or remarriage. § 287.-240(2, 4, a). The first clause of § 287.240, reading "If the injury

causes death, either with or without disability, the compensation therefor shall be as provided in this section," is held to make § 287.240 "independent of every other section of the law except the sections referred to in section" 287.240. Wahlig v. Krenning-Schlapp Grocer Co., 325 Mo. 677, 29 S. W. 2d 128, 132[6]. Pfefer v. Winer & Saroff Comm. Co., 227 Mo. App. 280, 226 Mo. App. 1131, 49 S. W. 2d 293, holds an award of a death claim to a sole dependent minor daughter survived, on the daughter's death, to her personal representative.

In Platies v. Theodorow Bakery Co., supra, the judgment was for $20 a week for not more than 397 weeks during the continuance of such disability. In Hardt v. City Ice & F. Co., 340 Mo. 721, 102 S. W. 2d 592, the award was $20 a week for 300 weeks—$6,000; thereafter, for life at $13.50 per week—Unknown. In each instance the award aided the court in determining the amount in dispute independent of all contingencies. Platies v. Theodorow Bakery Co., supra, quotes the following from Stuart v. Stuart, 320 Mo. 486, 8 S. W. 2d 613, 614: "We are on firmer ground in holding, as we do, that the appellate jurisdiction of this court, on the ground of the amount in dispute, attaches when, and only when, the record of the trial court affirmatively shows that there is involved in the controversy, independent of all contingencies, an amount exceeding $7,500, exclusive of costs." [126] See also Jenkins v. Jenkins, Mo., 251 S. W. 2d 243, 245[3, 4]; Baer v. Baer, 364 Mo. 1214, 274 S. W. 2d 298, 303; Higgins v. Smith, 346 Mo. 1044, 144 S. W. 2d 149, 151, 152. On compensable disability claims the Commission, under § 287.470 (not referred to in § 287.240), on its own motion or on application "on the ground of a change in condition," may "make an award ending, diminishing or increasing the compensation previously awarded." Notwithstanding an unappealed final award of the Commission for permanent total disability is of the effect of a judgment, it is subject to the provisions of § 287.470 as much as a final award and judgment, say, for $20 a week for not more than 397 weeks, during the continuance of the disability. Platies v. Theodorow Bakery Co., supra. In each instance the contingency is based on statutory provisions. In one instance the effect of the statute shows on the face of the award or judgment. In other instances it may not be so disclosed but the contingency is as effectively preserved by the law. The instant award expressly stated the compensation was "to be subject to modification and review as provided by said law." We think it should not be said that in the circumstances of record this award involves an amount exceeding $7,500 independent of all contingencies.

In Powers v. Universal Atlas Cement Co., Mo. App., 261 S. W. 2d 512, 514[1], there was an award for medical aid of $483.50 and for permanent total disability of $25 a week for 300 weeks, and thereafter $14 per week for life. The Court of Appeals retained jurisdiction, stating whether the judgment would exceed $7,500 was contingent

on the continuance of the life of the employee. We think this result is correct. Where such a right is not enforceable at all events for any definite length of time, its value is contingent. Platies v. Theodorow Bakery Co., supra.

The cause is transferred to the St. Louis Court of Appeals. *Barrett* and *Stockard, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. *Eager* and *Leedy, JJ.,* concur; *Storckman, J.*, concurs in result.