George P. SCHERR (Employee), Respondent,

v.

SIDING & ROOFING SALES COMPANY (Employer), and Aetna Casualty & Surety Company (Insurer), Appellants.

No. 29785.

St. Louis Court of Appeals.

Missouri.

Sept. 3, 1957.

Motion for Rehearing or for Transfer to Supreme Court Denied Sept. 30, 1957.

Luke, Cunliff & Wilson, St. Louis, for appellants.

Godfrey P. Padberg, John J. Bantle, St. Louis, for respondent.

WOLFE, Commissioner.

This is a claim for compensation, under the Missouri Workmen's Compensation Law, brought by George P. Scherr for injuries received. Upon a hearing before a referee of the Division of Workmen's Compensation of the Department of Labor and Industrial Relations there was a finding that the accident causing the injury for which compensation was sought did not arise out of and in the course of claimant's employment, and compensation was denied. There was an application for re-

view by the full commission. The commission found that the accident "did not arise out of his employment and was not incidental to his employment", and denied claimant compensation. There was an appeal to the circuit court and there the court set aside the award of the commission and remanded the case with directions to reverse its award and to determine the amount of compensation to which the claimant was entitled. From the judgment of the circuit court the employer and insurer have appealed.

 The respondent, employee, filed a motion to transfer this appeal to the Supreme Court on the ground that more than $7,500 is involved. It is true that if he prevailed he might under certain contingencies receive in excess of that amount, but the jurisdiction of the Supreme Court attaches only when the amount involved in the controversy, independent of all contingencies, exceeds $7,500, exclusive of costs, and the motion therefore should be overruled. Hardt v. City Ice & Fuel Co., 340 Mo. 721, 102 S.W.2d 592; Crow v. Missouri Implement Tractor Co., Mo., 292 S.W.2d 573.

The facts as they relate to the cause of the injury are not in dispute. Scherr worked as a salesman for the Siding & Roofing Sales Company. One of the items which they sold was flooring. On occasions Scherr took samples of the flooring and called on customers but most of his work was done at his employer's place of business.

On May 7, 1955, which was a Saturday, Scherr called at a tavern located on South Broadway in the City of St. Louis. It was known as Mary and Art's tavern. He said that he arrived there at about 3:00 p. m. and measured the floor. This took him about 30 or 45 minutes. After that he went to the bar. Mary Heitz, one of the owners of the bar, served him with a bottle of beer while he laid out his floor samples on the bar top and discussed color combinations with her. He said that it was

about 4:00 o'clock when he was talking to Mary Heitz and he remembered nothing after that until he awoke in a hospital the following morning. He had been knocked unconscious by a severe blow on the head. He had been struck by a heavy metal disk about 3 inches in diameter. This disk was used in a table game to knock down bowling pins. The disk had been thrown by a man named either Clark or Kendall. Clark and Kendall had started to fight and were throwing various missiles, such as ash trays and salt shakers, at each other. Scherr, the claimant, did not know either one of them and apparently the disk was not thrown at him but missed its intended victim and struck Scherr inflicting a serious injury. He suffered a depressed fracture of the skull and fell to the floor unconscious. The proprietress of the tavern summoned the aid of a neighborhood doctor, who said that Scherr should be taken to a hospital at once. Two patrons of the tavern then took Scherr in their car to a hospital where he remained for three weeks. Scherr did not know either Clark or Kendall, who engaged in the fight, and had never seen them either before or after his injury.

The place of the occurrence was a neighborhood tavern that sold only beer and soft drinks. Scherr had purchased there a set of earrings and a necklace as a Mother's Day gift for his wife. The proprietress said that he had watched the Derby on television. Scherr had no recollection of this, but in a statement made to the insurer's adjuster he had mentioned having watched the Derby. The Mother's Day gift, his floor samples, and his wallet were taken to his wife by Mary Heitz and his wife said that the samples were splattered with blood. Mary Heitz, the proprietress, placed the occurrence later than Scherr did. She said it occurred around 5:00 or 5:30 and the hospital records showed the time of his admission to the emergency room to be 8:00 p. m.

The issues were reduced by stipulation to whether or not the employee suffered an accident arising out of and in the course of his employment. The extent and nature of the disability was also brought into question, but was never passed upon by reason of the commission's findings that the accident did not give rise to a compensable claim.

■ Under Section 287.120 RSMo 1949, V.A.M.S., it is provided that the employer shall be liable to the employee for personal injury or death "by accident arising out of and in the course of his employment". The appellants state that there was evidence to support the referee's finding that the accident did not occur in the course of Scherr's employment. We are not concerned, however, with the finding of the referee for appellate review is of the commission's findings and not the referee's. Michler v. Krey Packing Co., 363 Mo. 707, 253 S.W.2d 136; Ossery v. Burger-Baird Engraving Co., Mo., 256 S. W.2d 805; Clark v. Frazier-Davis Const. Co., Mo.App., 258 S.W.2d 934; Foster v. Carter Carburetor Corp., Mo.App., 264 S.W.2d 904.

The appellants readily concede that the scope of our review goes only to the findings of the commission, but seriously contend that the trial court erred in setting aside the award of the commission and in holding that the accident did arise out of Scherr's employment.

■ In the case of Ries v. De Bord Plumbing Co., Mo.App., 186 S.W.2d 488, 489, we stated that there must be a causal connection before it can be said that an accident arises out of the employment and that the employment must be in some way responsible for the injury. We stated that the complexity of the various activities covered by the act made it impossible to formulate a general rule to cover all cases; but we further held that there was a "fundamental difference between those causative agencies which are part and parcel of the master's business and under his control, and those which lie outside that

business and beyond his control". We stated: "In the latter class of cases it seems unjust to hold the employer liable, unless the employment in some way exposes the employee to an unusual risk or injury from such agency which is not shared by the general public."

The employee attempts to support the circuit court's finding on the theory that he was subjected to an unusual risk by reason of the fact that his work took him to a tavern. He states that the court should take judicial notice that a tavern is a place where brawls and fights are likely to occur and that consequently Scherr was subjected to an unusual risk by reason of his employment. We are cited to State ex rel. Anseth v. District Court of Koochiching County, 134 Minn. 16, 158 N.W. 713, 714, L.R.A.1916F, 957. In that case recovery was allowed to a bartender who had been struck by a heavy drinking glass hurled by a patron of the bar. The court stated: "The court will take judicial notice that the position of bartender, patron, or spectator in a saloon, especially in one situated where rough characters are apt to congregate and carouse, is quite apt to be one of peculiar danger." It will be noted that the inclusion of "patron, or spectator" is dictum as none of either class was involved in this case. The language also indicates that the court had in mind a place where strong liquor is dispensed, but we are considering a neighborhood tavern that sold only beer and soft drinks. There was nothing to show that brawls or disorderly conduct were apt to occur there.

■ We are cited to Emerick v. Slavonian Roman Greek Catholic Union, 93 N.J.L. 282, 108 A. 223. This involved a bartender who was shot by a patron during a dispute over the price of drinks. There is no support in this case for the employee's contention for the shooting obviously arose out of and in the course of the bartender's employment. The case is in line with the holdings of Missouri courts which allow recovery where violence is suffered at the hands of a fellow employee or a stranger and arises or is in some way connected with the employment of a claimant. Stephens v. Spuck Iron & Foundry Co., 358 Mo. 372, 214 S.W.2d 534; Carlton v. Henwood, 232 Mo.App. 165, 115 S.W.2d 172; Reed v. Sensenbaugh, 229 Mo.App. 883, 86 S.W.2d 388.

Another case cited by the employee, Mc-Grinder v. Sullivan, 264 App.Div. 640, 37 N.Y.S.2d 1, was the case of an injured bartender assaulted by a disorderly patron whom he had ejected from the barroom. This assault also clearly arose out of the bartender's employment and consequently has no application to the facts before us. We are cited to Christiansen v. Hill Reproduction Co., 262 App.Div. 379, 29 N.Y.S.2d 24, which deals with facts quite parallel to those under consideration. The employee was in a tavern on business when he was shot and killed by a patron who, for no known reason, started shooting at the bartender. The court in holding that the death of the patron arose out of his employment applied the doctrine of "street hazard" cases, but we have rejected the application of that doctrine to cases such as the one at bar in Ries v. De Bord Plumbing Co., Mo. App., 186 S.W.2d 488, supra.

■■ We are committed to the rule that before an injury can be said to arise out of the employment "it must have been a rational consequence of some hazard connected with the employment". Toole v. Bechtel Corp., Mo., 291 S.W.2d 874, 880; Foster v. Aines Farm Dairy Co., Mo., 263 S.W.2d 421; Long v. Schultz Shoe Co., Mo.App., 257 S.W.2d 211. If the employee relies upon the theory that the accident occurred by reason of his exposure to an unusual risk there must be proof that the risk was unusual. May v. Ozark Central Telephone Co., Mo.App., 272 S.W.2d 845.

■ We have no evidence in relation to the tavern where Scherr was struck other than the testimony of the co-owner Mary Heitz. All that she had to say was that it

was a neighborhood tavern and sold only beer and soft drinks. There is nothing in this that would cause us to assume that it was a hazardous place. It is evident that the actual assault had nothing whatever to do with Scherr's employment, and since there is no proof of any unusual risk the commission properly held that the injury did not arise out of Scherr's employment, and the circuit court erred in setting aside the award of the commission.

Your Commissioner, for the reasons stated, recommends that the motion to transfer to the Supreme Court be overruled and that the judgment of the circuit court be reversed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

Respondent's motion to transfer to the Supreme Court is accordingly overruled and the judgment of the circuit court reversed.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.